UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT WILL BREATHE, et al.,

    Plaintiffs,

v.

CITY OF DETROIT, et al.,

    Defendants.

Case No. 20-12363
Honorable Laurie J. Michelson

**ORDER ON DEFENDANTS' MOTION TO
MODIFY TEMPORARY RESTRAINING ORDER [24]**

Plaintiffs Detroit Will Breathe and 14 individuals have been involved in protest activity in the City of Detroit in response to the death of George Floyd. They allege that, on a few occasions, Detroit police have responded to their demonstrations with excessive force and have violated their First and Fourth Amendment rights. Upon filing this case, Plaintiffs sought preliminary relief enjoining Detroit Police from using certain tactics in response to their protests.

Just twelve days ago, on September 4, 2020, the Court entered an order granting in part Plaintiffs' motion for a temporary restraining order. The Court enjoined Detroit police from, among other things, firing tear gas and rubber bullets at peaceful protesters ("the TRO"). *See Detroit Will Breathe v. City of Detroit*, — F.3d —, No. 20-12363, 2020 WL 5269789 (E.D. Mich. Sept. 4, 2020).

Defendants have now filed a motion to modify the TRO because they allege that the order disrupted the status quo and encouraged Plaintiffs to act unlawfully. (ECF No. 24.) Defendants

1

ask the Court to modify the TRO to enjoin Plaintiffs from taking certain actions, such as defacing property or throwing objects at police officers. (ECF No. 24.)

For a number of reasons the Court finds that it is not necessary to modify the TRO, which, as will be clarified below, already encompasses much of the relief Defendants seek.

First, Defendants lack a legal basis for enjoining Plaintiffs. As the Court explained in its TRO, in order to grant preliminary injunctive relief, the Court must consider, among other factors, whether the party seeking that relief has a likelihood of success on the merits. *Detroit Will Breathe*, 2020 WL 5269789, at *2 (citing *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)). Defendants seek to enjoin Plaintiffs, but they have not brought any legal claims against Plaintiffs. So Defendants have no claims upon which they are likely to succeed.

Second, Defendants' lack a factual basis to enjoin Plaintiffs. Defendants' assertion that the TRO requires modification because it has emboldened protesters to use violence, or otherwise upset the status quo, is not supported by the evidence Defendants have provided. According to Defendants, Detroit police were assailed by projectiles and bottle rockets, had lasers pointed in their eyes, and were attacked by protesters *before* the TRO issued. (ECF No. 24, PageID.332–344.) In comparison, Defendants point to just two non-violent incidents that occurred *after* the TRO was issued: protesters spray-painted a statue and "menaced" patrons at one restaurant by standing on a patio railing and chanting. (*Id.* at PageID.333.) There are no allegations of violence by protesters on the night those two incidents occurred (September 4). In light of the before and after picture painted by Defendants, the Court does not agree that the TRO "disrupted the existing status quo" (*id.* at PageID.331) or that the protesters' "actions have increased in severity" after the TRO was entered (*id.* at PageID.344).

Although Defendants have not presented a viable legal or factual basis for modifying the TRO to enjoin Plaintiffs, Defendants' motion provides an opportunity to make the scope of the TRO clearer. The Court fully appreciates that this case involves multiple sets of interests. Protesters have an interest in voicing their beliefs and seeking reform. The police have an interest in maintaining the peace and enforcing the laws. These interests can co-exist. Both sides recognize this. The Detroit Police have stated that they do not use force against peaceful protesters. And Plaintiffs have expressed that they do not intend to voice their opinion through violence and they undoubtedly recognize that they cannot violate the law without consequences. This Court's TRO did not go further than what both sides acknowledge.

To the extent this was somehow not clear from the TRO (although the Court believes it was), the Court clarifies that nothing in the TRO (1) suspends any laws that prohibit violent or destructive actions by protesters or (2) prevents Detroit police from (a) reasonably and lawfully protecting themselves and the public against violence perpetrated by protesters that could harm officers or the public (including protesters throwing objects at police, such as frozen water bottles, bricks, bottle rockets, or cherry bombs); or (b) taking reasonable and lawful action against protesters who violate any laws or resist lawful arrest  (e.g., ordering protesters to cease unlawful activity, or using reasonable force to arrest a protester if there is probable cause to believe that the protester violated the law).

In sum, most of the restrictions in the TRO only enjoin officers from taking action against "any individual *peacefully* engaging in protest or demonstration *who does not pose a physical threat to the safety of the public or police*." *Detroit Will Breathe*, 2020 WL 5269789, at *6 (emphasis added). Police officers are still left with a variety of lawful tools when faced with protesters who pose a physical threat or have broken the law. Indeed, as Detroit Police Chief James

3

Craig himself stated, the TRO "is no different than what we've always done" and "reinforces" the police department's policies. Morgan G. Statler, *Detroit police chief dismisses judge's ruling on tactics for protests: 'Nothing has changed'*, The Hill, Sept. 5, 2020, https://perma.cc/4CGA-CUJG.

The notion that "nothing has changed" is the essence of preserving the status quo, and that is the purpose of injunctive relief. For the foregoing reasons, Defendants' motion to modify temporary restraining order (ECF No. 24) is DENIED.

SO ORDERED.

Dated: September 16, 2020

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE