UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DETROIT WILL BREATHE,**
**TRISTAN TAYLOR, NAKIA WALLACE,**       Case No. 2:20-cv-12363
**JAZTEN BASS, LAUREN ROSEN, LAURYN**    Hon: Laurie J. Michelson
**BRENNAN, AMY NAHABEDIAN, ZACHARY**
**KOLODZIEJ, LAUREN BRANCH,**
**LILLIAN ELLIS, OLIVIA PUENTE,**
**IMAN SALEH, MARGARET HENIGE,**
**CAYLEE ARNOLD,** and **ALEXANDER ANEST,**

          Plaintiffs,

vs.

**CITY OF DETROIT,** a municipal corporation,
**MAYOR MICHAEL DUGGAN,** acting in his official
and individual capacities, **CHIEF JAMES CRAIG,** acting in his official
and individual capacities, **OFFICER STEPHEN ANOUTI, SERGEANT**
**TIMOTHY BARR, OFFICER DAVID HORNSHAW, OFFICER MARIAH**
**ERARD,** and **OFFICER DOES 1-100 inclusive,**
acting in their respective individual capacities, all jointly and severally,

          Defendants.

_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES TO VERIFIED**
**COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND**
**INJUNCTIVE RELIEF, AND COUNTERCLAIM AGAINST PLAINTIFFS**

     Defendants, by and through their attorneys, Clark Hill PLC and Corporation

Counsel for the City of Detroit, Lawrence García, for their Answer and Affirmative

Defenses to Plaintiffs' Verified Complaint for Damages and for Declaratory and

Injunctive Relief, state as follows:

1

1.      Defendants admit only that since May 29, 2020, members of the Detroit Police Department have responded to protests within the City of Detroit.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that each Plaintiff has participated in every protests that has occurred in the City of Detroit since May 29, 2020 or that each Plaintiff is motived to participate in protests because of the death of George Floyd, and therefore, leave Plaintiffs to their proofs. To the extent that Plaintiffs raise any allegations about Defendants in this Paragraph, Defendants deny the allegations as stated.

2.      Defendants deny the allegations as stated.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

4.      Defendants deny the allegations as stated.

5.      Defendants deny the allegations as stated.

6.      Defendants deny the allegations as stated.

7.      Defendants deny the allegations as stated.

8.      Defendants deny the allegations as stated.

9.      Defendants deny the allegations as stated.

10.     Defendants admit that Plaintiffs' lawsuit is premised on alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United

2

States Constitution, the Civil Rights Act of 1871, and 42 U.S.C. § 1981 and § 1983, but deny as untrue that Defendants are liable to Plaintiffs in any way.  Defendants deny as stated any allegation not specifically admitted.

11.     Defendants admit Plaintiffs seek declaratory and injunctive relief. Defendants deny that they are liable to Plaintiffs for any claim asserted in this action. Defendants deny that Plaintiffs are entitled to any of the relief sought in this action. Defendants deny as untrue any allegation not specifically admitted.

## JURISDICTION AND VENUE

12.     Defendants admit that this Court has jurisdiction over Plaintiffs' claims but deny that they are liable to Plaintiffs for any claim asserted in this action. Defendants deny as stated any allegation not specifically admitted.

13.     Defendants admit that this Court has jurisdiction over Plaintiffs' claims but deny that they are liable to Plaintiffs and that Plaintiffs are entitled to the relief sought. Defendants deny as stated any other allegation not specifically admitted.

14.     Defendants admit that the events giving rise to this matter occurred in the Eastern District of Michigan but deny that they are liable to Plaintiffs and that Plaintiffs are entitled to the relief sought. Defendants deny as stated any other allegation not specifically admitted.

ClarkHill\24180\099197\260887867.v1-9/25/20

## PARTIES

15.     Defendants admit only that Plaintiff Detroit Will Breathe filed to become a domestic nonprofit corporation organized under the laws of the State of Michigan on June 23, 2020. Defendants deny as untrue the remaining allegations as stated.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

ClarkHill\24180\099197\260887867.v1-9/25/20

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

30.     Defendants admit that the City of Detroit is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan. Defendants admit that the City of Detroit is authorized by law to maintain and operate the Detroit Police Department. Defendants admit that Defendants Mayor Duggan and Chief Craig had the authority to authorize published directives and policies. Defendants further admit that Defendants Mayor Duggan and Chief Craig have the authority to enforce those published directives and policies. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph not specifically admitted to and accordingly leave Plaintiffs to their proofs.

ClarkHill\24180\099197\260887867.v1-9/25/20

31.     Defendants admit that Plaintiffs bring their claims against Defendant Mayor Michael Duggan in his individual and official capacities but deny that Mayor Duggan is liable to Plaintiffs for any claim asserted in this action.  Defendants deny as untrue any allegation not specifically admitted.

32.     Defendants admit that Plaintiffs bring their claims against Defendant Chief James Craig in his individual and official capacities but deny that Chief James Craig  is liable to Plaintiffs for any claim asserted in this action.  Defendants deny as untrue any allegation not specifically admitted.

33.     Defendants admit that Defendant Officer Stephen Anouti is a police officer with the DPD. Defendants admit that Plaintiffs bring their claims against Officer Anouti in his individual capacity but deny that Officer Anouti is liable to Plaintiffs for any claim asserted in this action.  Defendants deny as untrue any allegation not specifically admitted.

34.     Defendants admit that Defendant Sergeant Timothy Barr a police officer with the DPD. Defendants admit that Plaintiffs bring their claims against Sergeant Barr in his individual capacity but deny that Sergeant Barr is liable to Plaintiffs for any claim asserted in this action.  Defendants deny as untrue any allegation not specifically admitted.

35.     Defendants admit that Defendant Officer David Hornshaw is a police officer with the DPD. Defendants admit that Plaintiffs bring their claims against

Officer Hornshaw in his individual capacity but deny that Officer Hornshaw is liable to Plaintiffs for any claim asserted in this action.  Defendants deny as untrue any allegation not specifically admitted.

36.     Defendants admit that Defendant Officer Mariah Erard is a police officer with the DPD. Defendants admit that Plaintiffs bring their claims against Officer Erard in her individual capacity but deny that Officer Erard is liable to Plaintiffs for any claim asserted in this action.  Defendants deny as untrue any allegation not specifically admitted.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

## FACTUAL ALLEGATIONS

### *Black Lives Matter: Context of Current Demonstrations*

38.     This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

39.     This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

ClarkHill\24180\099197\260887867.v1-9/25/20

40.     This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

41.     This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

42.     This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

43.     This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

44.     This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

ClarkHill\24180\099197\260887867.v1-9/25/20

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

47.     Defendants deny the allegations as stated in this Paragraph as untrue.

48.     Defendants deny the allegations as stated in this Paragraph as untrue.

### *Defendants Used Batons, Riot Shields, and Excessive Physical Force to Brutalize Demonstrators*

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

50.     Defendants deny the allegations as stated in this Paragraph as untrue.

51.     Defendants deny the allegations as stated in this Paragraph as untrue.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

53.     Defendants deny the allegations as stated in this Paragraph as untrue.

54.     Defendants deny the allegations as stated in this Paragraph as untrue.

55.     Defendants deny the allegations as stated in this Paragraph as untrue.

56.     Defendants deny the allegations as stated in this Paragraph as untrue.

57.     Defendants deny the allegations as stated in this Paragraph as untrue.

58.     Defendants deny the allegations as stated in this Paragraph as untrue.

59.     Defendants deny the allegations as stated in this Paragraph as untrue.

60.     Defendants deny the allegations as stated in this Paragraph as untrue.

61.     Defendants deny the allegations as stated in this Paragraph as untrue.

62.     Defendants deny the allegations as stated in this Paragraph as untrue.

63.     Defendants deny the allegations as stated in this Paragraph as untrue.

64.     Defendants deny the allegations as stated in this Paragraph as untrue.

65.     Defendants admit that officers issued Plaintiff G. Branch a misdemeanor ticket for Disorderly Conduct. Defendants deny as untrue any allegation not specifically admitted.

66.     Defendants deny as stated and as untrue the allegations contained in this Paragraph.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

68.     Defendants deny the allegations as stated in this Paragraph as untrue.

69.     Defendants admit that on May 31, 2020 Mayor Duggan declared a state of emergency and implemented a citywide curfew of 8:00 p.m. Defendants deny as untrue any allegation not specifically admitted.

ClarkHill\24180\099197\260887867.v1-9/25/20

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

72.     Defendants deny the allegations as stated in this Paragraph as untrue.

73.     Defendants deny the allegations as stated in this Paragraph as untrue.

74.     Defendants deny the allegations as stated in this Paragraph as untrue.

75.     Defendants deny the allegations as stated in this Paragraph as untrue.

76.     Defendants deny the allegations as stated in this Paragraph as untrue.

77.     Defendants deny the allegations as stated in this Paragraph as untrue.

78.     Defendants admit that on July 10, 2020 Hakim Littleton was shot by DPD officers after Littleton unlawfully opened fire on the officers, putting their lives at risk.

79.     Defendants deny as stated and as untrue the allegations contained in paragraph 79.

80.     Defendants deny the allegations as stated in this Paragraph as untrue.

81.     Defendants deny the allegations as stated in this Paragraph as untrue.

82.     Defendants deny the allegations as stated in this Paragraph as untrue.

12

83.     Defendants deny the allegations as stated in this Paragraph as untrue.

84.     Defendants deny the allegations as stated in this Paragraph as untrue.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

86.     Defendants deny the allegations as stated in this Paragraph as untrue.

87.     Defendants deny the allegations as stated in this Paragraph as untrue.

88.     Defendants deny the allegations as stated in this Paragraph as untrue.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

91.     Defendants deny the allegations as stated in this Paragraph as untrue.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

ClarkHill\24180\099197\260887867.v1-9/25/20

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

95.     Defendants deny the allegations as stated in this Paragraph as untrue.

96.     Defendants deny the allegations as stated in this Paragraph as untrue.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

99.     Defendants deny the allegations as stated in this Paragraph as untrue.

100.    Defendants deny the allegations as stated in this Paragraph as untrue.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

102.    Defendants deny the allegations as stated in this Paragraph as untrue.

14

103.   Defendants deny the allegations as stated in this Paragraph as untrue.

104.   Defendants deny the allegations as stated in this Paragraph as untrue.

105.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

106.   Defendants deny the allegations as stated in this Paragraph as untrue.

107.   Defendants deny the allegations as stated in this Paragraph as untrue.

108.   Defendants deny as stated and as untrue the allegations contained in this Paragraph.

109.    Defendants deny the allegations as stated in this Paragraph as untrue.

110.   Defendants deny the allegations as stated in this Paragraph as untrue.

111.   Defendants deny the allegations as stated in this Paragraph as untrue.

112.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

113.   Defendants deny the allegations as stated in this Paragraph as untrue.

114.   Defendants deny the allegations as stated in this Paragraph as untrue.

115.   Defendants deny the allegations as stated in this Paragraph as untrue.

116.   Defendants deny the allegations as stated in this Paragraph as untrue.

117.   Defendants deny the allegations as stated in this Paragraph as untrue.

ClarkHill\24180\099197\260887867.v1-9/25/20

118.   Defendants deny the allegations as stated in this Paragraph as untrue.

119.   Defendants deny the allegations as stated in this Paragraph as untrue.

120.   Defendants deny the allegations as stated in this Paragraph as untrue.

121.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

122.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

123.   This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

124.   Defendants deny the allegations as stated in this Paragraph as untrue.

125.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

126.   Defendants deny the allegations as stated in this Paragraph as untrue.

127.   Defendants deny the allegations as stated in this Paragraph as untrue.

16

128.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

129.   Defendants deny the allegations as stated in this Paragraph as untrue.

130.   Defendants deny the allegations as stated in this Paragraph as untrue.

131.   Defendants deny the allegations as stated in this Paragraph as untrue.

132.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

133.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

134.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

135.   This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

ClarkHill\24180\099197\260887867.v1-9/25/20

## *Defendants Used Chokeholds Against Demonstrators*

136.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

137.   Defendants deny the allegations as stated in this Paragraph as untrue.

138.   Defendants deny the allegations as stated in this Paragraph as untrue.

139.   Defendants deny the allegations as stated in this Paragraph as untrue.

140.   Defendants deny the allegations as stated in this Paragraph as untrue.

141.   Defendants deny the allegations as stated in this Paragraph as untrue.

142.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

143.   Defendants deny the allegations as stated in this Paragraph as untrue.

144.   Defendants deny the allegations as stated.

145.   Defendants deny the allegations as stated.

146.   Defendants deny the allegations as stated.

## *Defendants Drove Police Vehicles Into Crowds and Demonstrators*

147.   Defendants deny the allegations as stated in this Paragraph as untrue.

ClarkHill\24180\099197\260887867.v1-9/25/20

148.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

149.    Defendants deny the allegations as stated in this Paragraph as untrue.

150.    Defendants deny the allegations as stated in this Paragraph as untrue.

151.    Defendants deny the allegations as stated in this Paragraph as untrue.

152.    Defendants deny the allegations as stated in this Paragraph as untrue.

153.    Defendants deny the allegations as stated in this Paragraph as untrue.

154.    Defendants deny the allegations as stated in this Paragraph as untrue.

155.    Defendants deny the allegations as stated in this Paragraph as untrue.

156.    Defendants deny the allegations as stated in this Paragraph as untrue.

157.    Defendants deny the allegations as stated in this Paragraph as untrue.

158.    Defendants deny as stated and as untrue all allegations in this Paragraph.

159.    Defendants deny as stated and as untrue all allegations in this Paragraph.

160.    This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.  Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

ClarkHill\24180\099197\260887867.v1-9/25/20

161.   This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required. Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

162.   This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required. Defendants deny as untrue any reading of the allegations contained in this Paragraph that imply unlawful conduct by Defendants.

163.   Defendants deny as untrue and as stated all allegation contained in this Paragraph.

164.   Defendants deny as untrue and as stated the allegations contained in this Paragraph.

165.   Defendants are without knowledge or information to form a belief as to the truth of whether or not Plaintiff M. Henige attended a protest on July 10, 2020. Defendants deny as untrue any allegation not specifically admitted.

166.   Defendants deny the allegations as stated in this Paragraph as untrue.

167.   Defendants deny the allegations as stated in this Paragraph as untrue.

168.   Defendants deny the allegations as stated in this Paragraph as untrue.

169.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

170.   Defendants deny the allegations as stated in this Paragraph as untrue.

171.   Defendants deny the allegations as stated in this Paragraph as untrue.

172.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

173.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

174.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

175.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

176.   Defendants deny as stated the allegations contained in this Paragraph.

177.   Defendants are without knowledge or information sufficient to form a belief as to the truth of whether or not Plaintiff C. Arnold attended the protest on August 22-23, 2020. Defendants deny as stated any allegation not specifically admitted.

178.   Defendants deny the allegations as stated in this Paragraph as untrue.

179.   Defendants deny the allegations as stated in this Paragraph as untrue.

ClarkHill\24180\099197\260887867.v1-9/25/20

180.    Defendants deny the allegations as stated in this Paragraph as untrue.

181.    Defendants deny the allegations as stated in this Paragraph as untrue.

182.    Defendants deny the allegations as stated in this Paragraph as untrue.

### *Defendants Deployed a Long Range Acoustic Device (LRAD) to Injure and Deter Demonstrators*

183.    Defendants deny as stated the allegations contained in this Paragraph.

184.    This Paragraph raises no factual allegations against Defendants, and therefore, a response is not required.

185.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

186.    Defendants deny the allegations as stated in this Paragraph as untrue.

187.    Defendants deny the allegations as stated in this Paragraph as untrue.

188.    Defendants deny as untrue and as stated the allegations in this Paragraph. .

189.    Defendants deny as untrue and as stated the allegations contained in this Paragraph.

190.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

191.    Defendants deny the allegations as stated in this Paragraph as untrue.

ClarkHill\24180\099197\260887867.v1-9/25/20

192.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

193.   Defendants deny the allegations as stated in this Paragraph as untrue.

194.   Defendants deny the allegations as stated in this Paragraph as untrue.

195.   Defendants admit that they instructed demonstrators to leave the scene and to "Please go home." Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph not specifically admitted to and accordingly leave Plaintiffs to their proofs.

196.   Defendants deny the allegations as stated in this Paragraph as untrue.

197.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff L. Ellis attended a protest on June 2, 2020. Defendants deny as untrue the remaining allegations.

198.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs L. Rosen and L. Ellis. Defendants deny as untrue any allegation not specifically admitted.

199.   Defendants deny as untrue and as stated the allegations contained in this paragraph.

200.   Defendants deny the allegations as stated in this Paragraph as untrue.

201.   Defendants deny the allegations as stated in this Paragraph as untrue.

23

202.   Defendants deny the allegations as stated in this Paragraph as untrue.

203.   Defendants deny the allegations as stated in this Paragraph as untrue.

204.   Defendants deny as untrue and as stated the allegations contained in this Paragraph.

205.   Defendants deny the allegations as stated and as untrue in this Paragraph.

206.   Defendants deny the allegations as stated in this Paragraph.

207.   Defendants deny the allegations as stated in this Paragraph as untrue.

208.   Defendants deny as stated and as untrue the allegations contained in this Paragraph.

209.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph not specifically admitted to and accordingly leave Plaintiffs to their proofs.

*Defendants Restrained Demonstrators with Intentionally Tightened Zip Ties to Cause Injury and Deter Protests*

210.   Defendants deny the allegations as stated in this Paragraph as untrue.

211.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

212.   Defendants deny the allegations as stated in this Paragraph as untrue.

213.   Defendants deny the allegations as stated in this Paragraph as untrue.

24

214.   Defendants deny the allegations as stated in this Paragraph as untrue.

215.   Defendants deny the allegations as stated in this Paragraph as untrue.

216.   Defendants deny the allegations as stated in this Paragraph as untrue.

217.   Defendants deny the allegations as stated in this Paragraph as untrue.

218.   Defendants deny the allegations as stated in this Paragraph as untrue.

219.   Defendants deny the allegations as stated in this Paragraph as untrue.

220.   Defendants admit the statement.

221.   Defendants deny the allegations as stated in this Paragraph as untrue.

222.   Defendants deny the allegations as stated.

223.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

224.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

225.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

226.   Defendants admit that on August 22, 2020, Plaintiffs C. Arnold, T. Taylor, and N. Wallace were arrested. Defendants deny as stated and as untrue the remaining allegations.

227.   Defendants deny the allegations as stated in this Paragraph as untrue.

228.   Defendants deny the allegations as stated in this Paragraph as untrue.

*Defendants Detained Demonstrators in Punitive, Unnecessary, and Tortuous Conditions*

229.   Defendants deny as untrue and as stated all allegations contained in this Paragraph.

230.   Defendants admit that T. Taylor was arrested on June 2/3 for inciting a riot and disorderly conduct. Defendants deny as untrue any allegation not specifically admitted.

231.   Defendants deny the allegations as stated in this Paragraph as untrue.

232.   Defendants deny the allegations as stated in this Paragraph as untrue.

233.   Defendants admit that Plaintiff J. Bass was arrested on June 3, 2020. Defendants deny as untrue any allegation not specifically admitted.

234.   To the extent that this Paragraph fails to raise a factual allegation against Defendants, a response is not required. To the extent that a response is required, Defendants deny the allegations as stated in this Paragraph as untrue.

235.   Defendants deny the allegations as stated in this Paragraph as untrue.

236.   Defendants deny the allegations as stated in this Paragraph as untrue.

ClarkHill\24180\099197\260887867.v1-9/25/20

237.    Defendants admit that T. Taylor, N. Wallace, L. Ellis, M. Henige, C. Arnold, and A. Nahabedian were arrested on August 23, 2020. Defendants deny as stated any allegation not specifically admitted.

238.    Defendants deny the allegations as stated in this Paragraph as untrue.

239.    Defendants deny the allegations as stated in this Paragraph as untrue.

240.    Defendants deny the allegations as stated in this Paragraph as untrue.

241.    Defendants deny the allegations as stated in this Paragraph as untrue.

*Defendants Arrested Demonstrators En Masse Without Probable Cause in an Attempt to Silence and Deter Demonstrators*

242.    Defendants admit that T. Taylor was arrested June 2/3, 2020; July 10, 2020; and August 23, 2020. Defendants admit that N. Wallace was arrested on July 10, 2020 and August 23, 2020. Defendants admit that J. Bass was arrested on June 3, 2020 and July 23, 2020. Defendants admit that Z. Kolodziej was arrested on July 10, 2020. Defendants admit that L. Ellis was arrested on June 3, 2020 and August 23, 2020.   Defendants admit that M. Henige was arrested August 23, 2020. Defendants admit that C. Arnold was arrested August 23, 2020. Defendants admit Amy Nahabedian was arrested August 23, 2020. Defendants deny as untrue any allegation not specifically admitted.

243.    Defendants admit that T. Taylor was arrested on June 2/3, 2020; July 10, 2020; and August 23, 2020. Defendants admit that N. Wallace was arrested on July 10, 2020 and August 23, 2020. Defendants admit that J. Bass was arrested on

27

June 3, 2020 and July 23, 2020. Defendants deny as untrue any allegation not specifically admitted.

244.   Defendants deny as stated the allegations contained in this Paragraph.

245.   Defendants admit that T. Taylor was arrested on June 2/3, 2020. Defendants admit Plaintiff J. Bass was arrested on June 3, 2020. Defendants admit that L. Ellis was arrested on June 3, 2020. Defendants deny as untrue any allegation not specifically admitted.

246.   Defendants deny the allegations as stated in this Paragraph as untrue.

247.   Defendants admit Plaintiff T. Taylor was arrested on June 2/3, 2020. Defendants deny as untrue any allegation not specifically admitted.

248.   Defendants admit Plaintiff T. Taylor was arrested on July 10, 2020. Defendants deny as untrue any allegation not specifically admitted.

249.   Defendants admit Plaintiff N. Wallace was arrested on July 10, 2020. Defendants deny as untrue any allegation not specifically admitted.

250.   Defendants admit Plaintiffs T. Taylor, N. Wallace, A. Nahabedian, M. Henige, and L. Ellis were arrested on August 23, 2020. Defendants deny as untrue any allegation not specifically admitted.

251.   Defendants deny the allegations as stated in this Paragraph as untrue.

252.   Defendants deny the allegations as stated in this Paragraph as untrue.

253.   Defendants deny the allegations as stated in this Paragraph as untrue.

28

254.   Defendants deny the allegations as stated in this Paragraph as untrue.

### *The City's Policy, Practice, and Custom (Monell Allegations)*

255.   Defendants admit that Plaintiffs' claims against Defendants Mayor Duggan and Chief Craig are brought against them in their official capacities pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), but deny as untrue all claims that Defendants are liable to Plaintiffs in any way.  Defendants deny as untrue any allegation not specifically admitted.

256.   Defendants deny the allegations as stated in this Paragraph as untrue.

257.   Defendant neither admit nor deny the allegations set forth in this Paragraph because the allegations call for a legal conclusion for which no answer is required.

258.   Defendants deny the allegations as stated in this Paragraph as untrue.

259.   Defendants deny the allegations as stated in this Paragraph as untrue.

260.   Defendants deny the allegations as stated in this Paragraph as untrue.

261.   Defendants deny the allegations as stated in this Paragraph as untrue.

262.   Defendants deny the allegations as stated in this Paragraph as untrue.

263.   Defendants deny the allegations as stated in this Paragraph as untrue.

264.   Defendants deny the allegations as stated in this Paragraph as untrue.

265.   Defendants deny the allegations as stated in this Paragraph as untrue.

266.   Defendants deny the allegations as stated in this Paragraph as untrue.

ClarkHill\24180\099197\260887867.v1-9/25/20

267.   Defendants deny as untrue any implication that Chief Craig condones or encourages unconstitutional conduct by members of the DPD. Defendants deny the remaining allegations as stated in this Paragraph.

268.   Defendants admit that Deputy Chief Todd Bettsion said "To Detroit Will Breathe: You're not welcome. Go," after protestors engaged in unlawful and violent behavior on August 22-23, 2020. Defendants deny as untrue any allegation not specifically admitted.

269.   Defendants deny the allegations as stated in this Paragraph as untrue.

270.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

271.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

272.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

273.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

ClarkHill\24180\099197\260887867.v1-9/25/20

274.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

### *Plaintiffs Seek Injunctive Relief because Defendants' Actions Have Caused and Continue to Cause Harm*

275.   Defendants deny the allegations as stated in this Paragraph as untrue.

276.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

277.   Defendants deny the allegations as stated in this Paragraph as untrue.

278.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

279.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

280.   Defendants admit that Plaintiffs seek injunctive relief. Defendants deny as untrue that Plaintiffs are entitled to the relief sought. Defendants deny as untrue any other allegation as stated.

281.   Defendants deny the allegations as stated in this Paragraph as untrue.

282.   Defendants admit that Plaintiffs seek relief against all Defendants. Defendants deny as untrue that Plaintiffs are entitled to the relief sought. Defendants deny as untrue any other allegation as stated.

## COUNT I
### First Amendment to the United States Constitution:
### Free Speech and Assembly
### 42 U.S.C. § 1983

283.   Defendants re-allege and incorporate, by reference, their answers and denials to Paragraphs 1 through 282, as if fully set forth in this Paragraph.

284.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

285.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

286.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

287.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

288.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

289.   Defendants deny the allegations as stated in this Paragraph as untrue.

290.   Defendants deny the allegations as stated in this Paragraph as untrue.

291.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

## COUNT II
### Fourth Amendment to the United States Constitution:
### Unreasonable and Excessive Force
### 42 U.S.C. § 1983

292.   Defendants re-allege and incorporate, by reference, their answers and denials to Paragraphs 1 through 291, as if fully set forth in this Paragraph.

293.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

294.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

295.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

296.   Defendants deny the allegations as stated in this Paragraph as untrue.

297.   Defendants deny the allegations as stated in this Paragraph as untrue.

298.   Defendants deny the allegations as stated in this Paragraph as untrue.

299.   Defendants deny the allegations as stated in this Paragraph as untrue.

300.   Defendants deny the allegations as stated in this Paragraph as untrue.

301.   Defendants deny the allegations as stated in this Paragraph as untrue.

302.   Defendants deny the allegations as stated in this Paragraph as untrue.

303.   Defendants deny the allegations as stated in this Paragraph as untrue.

304.   Defendants deny the allegations as stated in this Paragraph as untrue.

305.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

**COUNT III**
**Fourth Amendment to the United States Constitution:**
**Arrests Without Probable Cause**
**<u>42 U.S.C. § 1983</u>**

306.   Defendants re-allege and incorporate, by reference, their answers and denials to Paragraphs 1 through 305, as if fully set forth in this Paragraph.

34

307.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

308.    This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

309.    Defendants deny the allegations as stated in this Paragraph as untrue.

310.    Defendants deny the allegations as stated in this Paragraph as untrue.

311.    This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.


**COUNT IV**
**Fourth Amendment to the United States Constitution:**
**False Imprisonment/Conditions of Confinement/**
**Failure to Provide Medical Attention**

312.    Defendants re-allege and incorporate, by reference, their answers and denials to Paragraphs 1 through 311, as if fully set forth in this Paragraph.

313.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proofs.

ClarkHill\24180\099197\260887867.v1-9/25/20

314.   Defendants deny the allegations as stated in this Paragraph as untrue.

315.   Defendants deny the allegations as stated in this Paragraph as untrue.

316.   Defendants deny the allegations as stated in this Paragraph as untrue.

317.   Defendants deny the allegations as stated in this Paragraph as untrue.

318.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

319.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

320.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

## COUNT V
### First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution:
### Free Speech and Assembly/Curfew Orders

321.   Defendants re-allege and incorporate, by reference, their answers and denials to Paragraphs 1 through 320, as if fully set forth in this Paragraph.

322.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and accordingly leave Plaintiffs to their proof.

36

323.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

324.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

325.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

326.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

## COUNT VI
## 42 U.S.C. § 1981—Retaliation

327.   Defendants re-allege and incorporate, by reference, their answers and denials to Paragraphs 1 through 326, as if fully set forth in this Paragraph.

328.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

ClarkHill\24180\099197\260887867.v1-9/25/20

329.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

330.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

331.   Defendants deny the allegations as stated in this Paragraph as untrue.

332.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

333.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

334.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

**COUNT VII**
**42 U.S.C. § 1983**
***Monell Liability***

335.   Defendants re-allege and incorporate, by reference, their answers and denials to Paragraphs 1 through 334, as if fully set forth in this Paragraph.

38

336.   Defendants deny the allegations as stated in this Paragraph as untrue.

337.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

338.   Defendants deny the allegations as stated in this Paragraph as untrue.

339.   Defendants deny the allegations as stated in this Paragraph as untrue.

340.   Defendants deny the allegations as stated in this Paragraph as untrue.

341.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

342.   This Paragraph attempts to set forth a legal conclusion, to which a response is not required.  To the extent a response is required, Defendants deny as untrue any allegations as stated.

In answer to Plaintiff's Wherefore Paragraph, Defendants deny Plaintiffs are entitled to any relief whatsoever.

**WHEREFORE**, Defendants respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, and award Defendants their costs and attorney fees and any other equitable relief deemed just and appropriate.

ClarkHill\24180\099197\260887867.v1-9/25/20

## DEFENDANTS' AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT

Defendants, by their attorneys, Clark Hill PLC and Lawrence García, state for their Affirmative Defenses to Plaintiffs' Complaint, as follows:

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff Detroit Will Breathe lacks standing to bring this action against Defendants.

3.      Plaintiffs, collectively, have been misjoined in this case, as Plaintiffs cannot establish that their claims arise out of the same transaction, occurrence, or series of transactions or occurrences or that they share a common question of law or fact.

4.      Plaintiffs' claims are barred by the application of qualified immunity, absolute immunity, or other immunity provided by federal law and state law.

5.      One or more of Plaintiffs' claims is barred, as Plaintiffs have failed to exhaust available judicial and administrative remedies.

6.      Plaintiffs have suffered no irreparable harm and have a complete and adequate remedy at law for money damages, if any, and therefore, Plaintiffs are not entitled to injunctive relief.

7.      The acts upon which Plaintiffs' Complaint is based were based upon reasonable suspicion, probable cause, Plaintiffs' consent, or other proper legal

standard to believe that Plaintiffs were subject to lawful seizure, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances such that Defendants are immune from liability in this action.

8. The alleged use of force, if any, was privileged, reasonable and appropriate under the common law, federal law, and statute statutes.

9. The actions of Defendants with respect to the Plaintiffs were taken in good faith and in response to the legitimate safety requirements of the situation and not motivated by the Plaintiffs' alleged exercise of First Amendment rights. Defendants had justification for any of the actions complained of in Plaintiffs' Complaint.

10. The acts upon which Plaintiffs' Complaint were made were privileged, in that the acts were necessary to secure important governmental and public interests relative to public safety and welfare, there was a need for prompt action because of exigent circumstances, and Defendants attempted to minimize any risk of wrongful, erroneous or unnecessary deprivation of life, liberty, property, or any constitutional rights.

11. Defendants had justification for any of the actions complained of in Plaintiffs' Complaint.

12. Defendants' actions were justified by Plaintiffs' actions, or the actions of others over whom the Defendants had no control.

41

13.     Plaintiffs' injuries or damages, if any, were caused, contributed to, or brought about by Plaintiffs' own intentional, negligent, unlawful, unreasonable, and/or illegal acts or the acts of others over whom Defendants exercise no right or dominion or control for whose actions Defendants are not legally responsible.

14.     To the extent that Plaintiffs seek to impose liability based upon municipal or official capacity claims, Plaintiffs have failed to allege any facts in support of a custom, policy, practice, or procedure which resulted in any constitutional violation claim by Plaintiffs.

15.     Defendant City of Detroit alleges that the City of Detroit through its policy-making officials, has no historical policy of deliberate indifference to unlawful arrest, excessive force, curtailing First Amendment rights, First Amendment retaliation, or deprivation of due process by Detroit Police Department officers and that all training and policies fulfill or exceed constitutional requirements.

16.     Except as to the amount of damages, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law.

17.     Plaintiffs failed to mitigate their damages, if any.

18.     Plaintiffs assumed the risk of injury from their acts and omissions.

42

19.    Plaintiffs are not entitled to punitive or exemplary damages for claims brought pursuant to 42 U.S.C. §1983 which are premised upon the official liability of any defendant.

20.    Defendant City of Detroit is a municipality and therefore is not liable for punitive damages, if any, under applicable law.

21.    Defendant City of Detroit is not vicariously liable for the acts of any individual Defendants or liable for the acts of individual defendants pursuant to 42 U.S.C. §1983 under theories of derivative liability such as *respondeat superior*.

22.    Plaintiffs' claims, including any claims for damages, are barred by Plaintiffs' own conduct, misrepresentations and/or malfeasance.

23.    Some or all of Plaintiffs' allegations constitute misrepresentations to the Court in violation of Fed. R. Civ. P. 11.

24.    Plaintiffs have initiated suit without first performing a reasonable investigation in order to determine whether there is plausible factual support for the allegations made; therefore, Defendants request that this Court tax reasonable and actual attorney's fees and costs as sanctions.

25.    Defendants do not waive any of the affirmative defenses delineated in the court rules and expressly reserve their right to assert any of these defenses to the extent further factual investigation discloses their applicability.

ClarkHill\24180\099197\260887867.v1-9/25/20

26.     Defendants reserve the right to add any additional affirmative defenses that may become known to them during the course of discovery or otherwise.

## DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS

Defendants/Counter-Plaintiffs, by and through their attorneys, Clark Hill PLC and Lawrence Garcia, for their Counterclaim against Plaintiffs/Counter-Defendants state as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the Plaintiffs'/Counter-Defendants' claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

2.     This Court has subject matter jurisdiction over the Defendants'/Counter-Plaintiffs' counterclaims pursuant to 28 U.S.C. § 1367(a) providing for supplemental jurisdiction.

3.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as most or all events giving rise to the claims herein occurred in the Eastern District of Michigan.

## PARTIES

4.     By information and belief, Counter-Defendant Detroit Will Breathe ("DWB") is a domestic nonprofit corporation organized under the laws of the State of Michigan.

44

5.     By information and belief, Counter-Defendants Tristan Taylor, Nakia Wallace, Jazten Bass, Lauren Rosen, Lauryn Brennan, Amy Nahabedian, Zachary Kolodziej, Lauren Branch ("Graham Branch"), Lillian Ellis, Olivia Puente, Iman Saleh, Margaret Henige, Caylee Arnold, and Alexander Anest, are all individuals and residents of Michigan (Detroit, Oak Park, Highland Park, Saline, Ypsilanti, Dearborn), and each has participated in, organized, held membership in, and/or led one or more demonstrations of DWB in 2020.

6.     Counter-Plaintiff City of Detroit is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan. It is, and has been at all times relevant hereto, authorized by law to maintain and operate the Detroit Police Department ("DPD").

7.     Counter-Plaintiff Mayor Michael Duggan is and was, at all relevant times, the Mayor of Detroit and an official policymaker for Defendant City of Detroit.

8.     Counter-Plaintiff Chief James Craig is and was, at all relevant times, the Police Chief for the Detroit Police Department, an official policymaker for DPD.

9.     Counter-Plaintiff Officers Stephen Anouti, David Hornshaw, and Mariah Erard are police officers with the DPD residing in Wayne County, Michigan.

10.    Counter-Plaintiff Sergeant Timothy Barr is a police sergeant with the DPD residing in Wayne County, Michigan.

ClarkHill\24180\099197\260887867.v1-9/25/20

11.     Counter-Plaintiffs Officers Doe 1 through 100 are agents, servants, and employees of the DPD.

## FACTUAL BACKGROUND

12.     Since May 29, 2020, hundreds of people in Detroit, including Counter-Defendants, have participated in near-daily demonstrations as part of the "Black Lives Matter" movement.

13.     While Counter-Defendants have attempted to characterize their protests as "peaceful," the protests in Detroit have repeatedly turned violent, endangering the lives of police and the public.

14.     Counter-Defendants have been captured on video hurling dangerous projectiles at police officers, blocking busy streets and school buses, encouraging violent behavior, screaming loudly in the faces of DPD officers, refusing to follow clear and lawful DPD directives and destroying and defacing public property.

15.     In addition to engaging in these violent actions, Counter-Defendants have published numerous false statements about Counter-Plaintiff Mayor Michael Duggan, Counter-Plaintiff Chief James Craig, and Counter-Plaintiffs Detroit Police Officers.

16.     Counter-Defendants have also used their social media accounts, including Twitter, Facebook, and Instagram, to post videos and other content

encouraging violence or endorsing violence against police officers, promoting the destruction and defacing of property, and disrupting the lives of Detroit residents.

<u>Organization and Coordination Efforts</u>

17.    Counter-Defendant Detroit Will Breathe was incorporated, in part, for the purpose of militant resistance.

18.    Counter-Defendant Nakia Wallace is the incorporator of DWB and member of DWB.

19.    Counter-Defendant Tristan Taylor is a member of DWB.

20.    Counter-Defendant Jazten Bass is a member of DWB.

21.    Counter-Defendant DWB has a Facebook account to communicate with its members. DWB uses the Facebook account to share information about protests it organizes, meetings it holds, tactics it has and will use to effectuate its mission, and to publish news articles. DWB also posts video footage of its protests and marches, as well as videos of individual members speaking about the group and its goals.

22.    Counter-Defendant DWB has a Twitter account and an Instagram account that it uses to communicate with its members. DWB uses this Twitter account in a similar manner to its Facebook account.

23.    Some of these videos show speakers encouraging violence or endorsing violence against police officers, promoting the destruction and defacing of property, and disrupting the lives of Detroit residents.

ClarkHill\24180\099197\260887867.v1-9/25/20

24.    For example, DWB shared a video of a protestor telling other protestors that "non-violence is no longer their shield or the answer." He then called on fellow protestors to take police "badges and teeth."

25.    By way of another example, Counter-Defendant Nakia Wallace, was interviewed on Fox 2 about the protests.

26.    During the interview, when asked, "Is it fair to say that Detroit Will Breathe does not condone violence in achieving its policy goals," Counter-Defendant Wallace stated publicly, "I don't think there's a space for Detroit to…not condone violence, right? People are angry and are going to express that anger… What we're never going to do is tell young people who are passionate and who are upset and who are angry that they don't have a right to be angry and they don't have a right to express that anger."

<u>Protests on May 29, 2020</u>

27.    On May 29, 2020, a protest was held in response to the death of George Floyd.

28.    Upon information and belief, Counter-Defendants, including (but not limited to) T. Taylor, Z. Kolodziej, and G. Branch, attended the May 29, 2020 protest.

29.     The protest on May 29, 2020 turned violent, with protestors throwing rocks and projectiles at police officers.

30.     Multiple DPD officers sustained physical injuries as a result of the hurled objections. DPD officers also sustained injuries in the course of trying to detain protestors, including Counter-Defendants who resisted arrest and defied police orders.

Protests on May 31, 2020

31.     On May 31, 2020, Mayor Duggan issued a state of emergency and implemented an 8 pm curfew to ensure public safety.

32.     Despite this, a protest was held on the evening on of May 31, 2020.

33.     Counter-Defendants, including (but not limited to) L. Ellis and A. Nahabedian attended this protest.

34.     DPD officers at the scene of the protest issued Counter-Defendants *eight warnings to disperse* that were projected over a loud speaker.

35.     *At least three warnings alerted protestors that tear gas would be deployed* if the protestors did not disperse.

36.     Counter-Defendants did not disperse after the warnings.

37.     Protestors hurled dangerous objects, including rocks and missiles at DPD officers.

49

38.     Multiple DPD officers sustained physical injuries as a result of the hurled objections. DPD officers also sustained injuries in the course of trying to detain protestors, including Counter-Defendants who resisted arrest and defied police orders.

<u>Protest on June 2, 2020</u>

39.     On June 2, 2020, protestors gathered for another night of protests against DPD officers. Upon information and belief, Counter-Defendants, including (but not limited to) T. Taylor, J. Bass, L. Ellis, L. Rosen attended the June 2, 2020 protest.

40.     Protestors, including Counter-Defendants were gathered in the street in the evening after the curfew went into effect.

41.     DPD officers on the scene announced to protestors multiple times that they needed to get out of the road.

42.     DPD officers on the scene further announced to Counter-Defendants that their behavior no longer constituted a lawful assembly, that they were in violation of the curfew and that protestors needed to get out of the road.

43.     Officers plead with protestors, "Please go home" and "We don't want this to escalate," and gave protestors adequate time to disperse and get out of the road.

44.     Protestors were warned that if they did not follow the lawful directive to get out of the street, they would be arrested.

45.     DPD officers issued **at least 7 lawful directives** to leave the street.

46.     Protestors, including Counter-Defendants, remained in the middle of the street shouting as a group in direct violation of the officers' lawful directives.

47.     Counter-Defendant T. Taylor was arrested for Inciting to Riot (MCL 752.542) and Disorderly Conduct (MCL 750.167) in relation to the June 2 protest.

48.     Counter-Defendant J. Bass was arrested for Disorderly Conduct in relation to the June 2 protest.

49.     Counter-Defendant L. Ellis was arrested for Disorderly Conduct and Disturbing the Peace in relation to the June 2 protest.

<u>Protest on June 28, 2020</u>

50.     June 28, 2020, Counter-Defendant DWB organized a protest to be held in Southwest Detroit.

51.     Information about this protest was shared on the DWB Facebook page.

52.     On June 28, 2020, DPD officers arrived at a demonstration to ensure it remained peaceful and non-dangerous.

53.     A number of protestors, including Counter-Defendants, approached a DPD vehicle and started screaming at the officers inside.

ClarkHill\24180\099197\260887867.v1-9/25/20

54.     Counter-Defendant Jazten Bass jumped onto the hood of the vehicle, sitting and banging on it.

55.     The vehicle did not move through the crowd until it was completely surrounded.

56.     Protestors', including Counter-Defendants' actions, were threatening to DPD officers.

57.     In addition to these threats, a DPD police vehicle was damaged by the protestors.

58.     On June 28, 2020, after the protest concluded, Counter-Defendant Jazten Bass falsely stated on his public Facebook account, "THIS COP TRIED TO KILL ME AND OTHERS TONIGHT!!!!! FIRE AND JAIL HIM FOR ATTEMPT VEHICULAR MAN SLAUGHTER!!!!" after Bass jumped on the hood of the police vehicle and sat and banged on it.

<u>Protest on July 10, 2020</u>

59.     Counter-Defendant DWB organized a protest on July 10, 2020 in response to the shooting of Hakim Littleton.

60.     Counter-Defendant DWB immediately solicited protestors, including Counter-Defendants, to participate in the protest.

61.     As part of their solicitation efforts, DWB tweeted, "RAPID RESPONSE CALL TO ACTION: Detroit Police Department killed a 19 year old

52

today. Our planned march is cancelled so that the movement can respond to the injustice! Get to 7446 McNichols Rd. as soon as you can!"

62.     Protestors, including Counter-Defendants, gathered at the intersection of McNichols and San Juan.

63.     Upon information and belief, Counter-Defendants (including, but not limited to) T. Taylor, N. Wallace, L. Brennan, Z. Kolodziej, O. Puente, and M. Henige attended the July 10 protest.

64.     DPD officers ordered protestors, including Counter-Defendants, to "get back" and to disperse.

65.     Protestors, including Counter-Defendants did not follow this directive from officers.

66.     Protestors threw objects, including rocks, bleach, and other projectiles at DPD officers.

67.     Counter-Defendant Z. Kolodziej was one of the Counter-Defendants who defied the police order to get back.

68.     When he was told to get back by DPD officers, Counter-Defendant Kolodziej instead lunged forward towards officers and yelled, "Fuck you!"

69.     Officers tried to restrain Counter-Defendant Kolodziej while having objects, including glass bottles, hurled at them.

70.     Counter-Defendant Kolodziej broke loose and *again* came towards officers, appearing to "head-butt" the restraining officer.

71.     Counter-Defendant Kolodziej was then restrained on the ground.

72.     An officer instructed Kolodziej to put his hands behind his back.

73.     Counter-Defendant Kolodziej refused the order, yelling "Fuck you! Fuck you, motherfucker! Fuck you!"

74.     DPD officers issued Counter-Defendant N. Wallace an order to back up and get out of the road.

75.     Counter-Defendant Wallace refused to comply with the order. Instead, Counter-Defendant Wallace continued to stand in the road and screamed at DPD officers.

76.     Because of her refusal to comply, a DPD officer attempted to take Counter-Defendant Wallace down using two arms.

77.     Counter-Defendant Wallace flailed her arms and pushed backwards on the officer.

78.     As a result of Counter-Defendant Wallace's movement, the Officer taking Counter-Defendant Wallace down lost her hold, which caused her arms to momentarily touch Wallace's neck.

79.     Counter-Defendant Puente was told by DPD officers to move back.

80.     Counter-Defendant Puente, standing directly in front of a DPD officer refused the directive to move back.

81.     Instead, Puente pushed against a DPD officer's protective shield.

82.     Counter-Defendant M. Henige also refused police orders to disperse and get back.

83.     Multiple DPD officers sustained physical injuries as a result of the hurled objections. DPD officers also sustained injuries in the course of trying to detain protestors, including Counter-Defendants who resisted arrest and defied police orders.

84.     Counter-Defendant T. Taylor was arrested for Disorderly Conduct and Disturbing the Peace on July 10, 2020 for his behavior at the protest.

85.     Counter-Defendant Z. Kolodziej was arrested for Disorderly Conduct and Disturbing the Peace on July 10, 2020 for his behavior at the protest.

86.     Counter-Defendant N. Wallace was arrested for Disorderly Conduct and Disturbing the Peace on July 10, 2020 for her behavior at the protest.

<u>Aftermath of the Protest on July 10, 2020</u>

87.     On July 10, 2020, Counter-Defendant Detroit Will Breathe falsely posted on their Instagram account, "City councilmembers have been holding up a resolution to drop all charges against protestors for nearly a month. This delay tells us . . . that Mayor Duggan and Chief Craig want them to kill the resolution. . ."

88.    In Mid-July 2020, Counter-Defendant Nakia Wallace falsely accused Counter-Plaintiffs Chief Craig and Detroit police officers of "lying on stand" on her public Facebook page and further stated, "Why can [Detroit police officers] run over protestors? . . . CRAIG HAS TO GO!!!!!"

89.    On July 12, 2020, Counter-Defendant Nakia Wallace continued to make public false statements when she stated at a press conference at the Frank Murphy Hall of Justice that she had been placed in a chokehold on July 10, 2020.

90.    On July 18, 2020, Counter-Defendant DWB member Yusef Shaku falsely stated at a press conference prior to a vigil for Hakim Littleton, "How can you represent a city that is 85% black when you have an officer treating Detroiters as if this is the wild, wild west. But it makes sense in terms of what Chief Craig said a couple years ago 'people just get your guns and just start shooting.' This is the mentality of his officers. This is what they embody. That is unacceptable."

91.    During this same press conference on July 18, 2020, another DWB member egregiously stated, "Hakim . . . suffered from the traumas of the police being an operating terroristic force in our neighborhood."'

92.    On July 24, 2020, Counter-Defendant Nakia Wallace falsely characterized Counter-Plaintiff officers by posting on her public Twitter account, "I can't for the life of me understand the type of person who has not yet woken up to understand the murderous and brutal nature of the Detroit Police Department."

56

93.    On July 28, 2020, Lloyd Simpson, one of Counter-Defendant DWB's organizers, falsely stated at a press conference on the front lawn of a house on the city's west side, "In two of the cases, the victims shot by the police were on the ground when they were shot. Edited body cam footage clearly shows the young man (in the July 23 incident) never having been in position to fire the weapon."

94.    Yet, with respect to both shootings, police body cam footage previously released to the public showed that the men were not on the ground when police first shot.

95.    With respect to the first shooting on July 10, 2020, body cam footage released the same day, shows the man fire a gun at an officer before police shot him.

96.    During the press conference on July 28, 2020, TV Reporter Shawn Ley exposed the prevarications spread by Detroit Will Breathe as he questioned the accuracy of Mr. Simpson's statement, which he noted "does not match up with the video put out by Detroit police."

97.    While Plaintiff Taylor admits that Detroit Will Breathe has a responsibility to put out accurate information and that the group's message was "unclear," he failed to retract his mischaracterizations which misled people into protesting under false pretenses.

98.     Counter-Plaintiff Chief Craig noted that false information posted on social media regarding the July 10, 2020 incident incited violence throughout the city.

### Occupation of Woodward Avenue on August 22, 2020

99.     Despite Counter-Defendant Taylor admitting the inaccuracy of Detroit Will Breathe's description of the body-cam footage regarding the shootings taking place on July 10, 2020 and July 23, 2020, Detroit Will Breathe members continue to espouse a false narrative to rile the public.

100.    On August 22, 2020, Counter-Defendant Jazten Bass falsely stated at Detroit Will Breathe's "Statewide Day of Action" rally, "[t]he footage shows Hakim being shot execution-style in the head while laying on the ground in Detroit police custody."

101.    On August 22, 2020, as Counter-Defendant DWB's activities and rallies continued, DWB tweeted "DWB is occupying the intersection of Woodward and John R to demand the immediate end of Operation Legend and the withdrawal of federal agents sent to Detroit by the Trump administration to terrorize Black and Brown communities. We aren't leaving until the feds leave."

102.    The same day DWB tweeted "Come down here if you would like to support us and help us hold this space."

ClarkHill\24180\099197\260887867.v1-9/25/20

103.   On August 22, 2020 DWB also posted on its Facebook page "Come down here if you would like to support us and help us hold this space!" The post also included an image that stated "DETROIT WILL BREATHE IS OCCUPYING THE INTERSECTION OF WOODWARD AND JOHN R TO DEMAND THE IMMEDIATE END OF OPERATION LEGEND AND THE WITHDRAWAL OF FEDERAL AGENTS SENT TO DETROIT BY THE TRUMP ADMINISTRATION TO TERRORIZE BLACK AND BROWN COMMUNITIES. WE AREN'T LEAVING UNTIL THE FEDS LEAVE"

104.   Counter-Defendant T. Taylor posted a video on Facebook of himself, telling people "So if you ain't doing nothing and you wanna…be a part of the movement that's taking up space, we're here. We ain't leaving until they make us leave."

105.   Upon information and belief, Counter-Defendants (including, but not limited to) T. Taylor, J. Bass, N. Wallace, I. Saleh, L. Rosen, O. Puente, M. Henige, A. Nahabedian, C. Arnold, and A. Anest attended the occupation.

106.   Counter-Defendants did not obtain a permit in conjunction with this self-proclaimed "occupation" during which they blocked off streets, obstructed traffic, and stood in the road.

107.   At the August 22, 2020 protest, Counter-Defendant J. Bass addressed the protestors, including Counter-Defendants, shouting, "…[I]f it's our streets and

it's our city, we got the right to post the f*** up wherever we want to, right? Which means...that we can block off an intersection in a busy street, like street #1, Woodward and we can declare this street our street. Which means that nobody comes in and nobody goes out...unless we say so."

108.   DPD officers arrived at the site of the occupation.

109.   Protestors, including Counter-Defendants had blocked all four lanes of Woodward Avenue at the intersection of John R, thereby totally obstructing traffic at that intersection.

110.   DPD officers issued warnings to the protestors, including Counter-Defendants, to disperse.

111.   When issuing these warnings, DPD officers instructed Counter-Defendants that their gathering was no longer a lawful assembly.

112.   Protestors, including Counter-Defendants, did not disperse, per the DPD directive.

113.   When Counter-Defendants left the "occupied" area, they left water bottles, signs, and other discarded items in the road.

114.   DPD officers were injured in the dispersal that was made necessary by Counter-Defendants' actions.

115.   Counter-Defendant T. Taylor was arrested for Disorderly Conduct and Disturbing the Peace on August 23, 2020 for his behavior at the protest.

ClarkHill\24180\099197\260887867.v1-9/25/20

116.   Counter-Defendant N. Wallace was arrested for Obstructing Police and Disorderly Conduct on August 23, 2020 for her behavior at the protest.

117.   Counter-Defendant L. Ellis was arrested for Obstructing Justice and Disorderly Conduct on August 23, 2020 for her behavior at the protest.

118.   Counter-Defendant M. Henige was arrested for Obstructing Police and Disorderly Conduct on August 23, 2020 for her behavior at the protest.

119.   Counter-Defendant C. Arnold was arrested for Obstructing Police and Disorderly Conduct on August 23, 2020 for her behavior at the protest.

120.   Counter-Defendant A. Nahabedian was arrested for Obstructing Police and Disorderly Conduct on August 23, 2020 for her behavior at the protest.

<u>Aftermath of the Rally and Protest on August 22, 2020</u>

121.   On August 25, 2020, Counter-Defendant Detroit Will Breathe posted on their public Twitter account, "We demand the resignation of lyin' ass chief Craig . . ."

122.   On August 26, 2020, Counter-Defendant Taylor falsely stated during a live video interview posted online, "That's why Chief Craig has to go. That's why he has to go because he reigns over the police department which has given the green light to whatever the officers feel like they want to do."

ClarkHill\24180\099197\260887867.v1-9/25/20

123.   Counter-Plaintiff Chief Craig has noted that Counter-Defendant Taylor's continued twisting of facts has created challenges for Detroit Police Officers.

124.   All false statements made by Counter-Defendants have been heard and/or read by third parties.

125.   All statements made by Counter-Defendants have hindered Counter-Plaintiffs' ability to adequately protect public safety and serve Detroit citizens.

<u>Counter-Defendants' Activity on September 5, 2010</u>

126.   On September 4, 2020, this Court entered a Temporary Restraining Order against the DPD.

127.   On September 5, Plaintiff DWB called on protestors to celebrate the limitations this Court put on DPD officers' ability to adequately protect the public.

128.   That night, two individuals involved in Plaintiffs' organized demonstration defaced public property, spray painting "Slave Owner Land Thief" under a statue and placing a bag over the statue's head.

129.   Other protestors stood on the outside dining barrier of a local restaurant and disrupted patrons' dinners.

130.   A protestor affiliated with Plaintiff DWB publicly called for a continuation of disruptive behavior.

## COUNT I – CIVIL CONSPIRACY

131. Counter-Plaintiffs reallege and reincorporate by reference the preceding paragraphs 1-130.

132. Counter-Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of disturbing the peace, engaging in disorderly conduct, inciting riots, destroying public property, resisting or obstructing officers in charge of duty, and committing acts of violence against Counter-Plaintiffs and DPD officers.

133. Counter-Defendants, in combination, conspired to disturb the peace, engage in disorderly conduct, incite riots, destroy public property, resist or obstruct officers in charge of duty, or otherwise commit acts of violence against Counter-Plaintiffs and DPD officers.

134. This conspiracy resulted in the illegal, unlawful, or tortious activity of disturbing the peace, engaging in disorderly conduct, inciting riots, destroying public property, resisting or obstructing officers in charge of duty, and other acts of violence against Counter-Plaintiffs and DPD officers.

135. As a result of the conspiracy and Counter-Defendants' illegal, wrongful, or tortious acts, Counter-Plaintiff sustained injuries and damages including but not limited to the following:

    a.  Physical injuries;

b.  Pain, suffering, and emotional distress;

c.  Property damage;

d.  Loss of business opportunities; and

e.  Other damages that may arise during the course of discovery and the course of this action.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Counter-Plaintiffs respectfully request this Court to:

A.  Award Plaintiffs' general and compensatory damages equal to the amount of losses they have sustained and will sustain.

B.  Award punitive damages as available.

C.  Enter a declaratory judgment in Counter-Plaintiffs' favor that Counter-Defendants' defamed Counter-Plaintiffs Mayor Michael Duggan, Chief James Craig, and Detroit Police Officers and that Counter-Defendants engaged in civil conspiracy.

D.  Award Plaintiffs the costs and attorneys' fees incurred in connection with this action and such other and further relief as the Court may deem just and proper.

ClarkHill\24180\099197\260887867.v1-9/25/20

## RELIANCE UPON JURY DEMAND

Counter-Plaintiffs, through counsel Clark Hill PLC, rely on the jury demand filed by Counter-Defendants on or about August 31, 2020.

Dated: September 25, 2020

Respectfully submitted,

*s/Reginald M. Turner*
CLARK HILL PLC
Reginald M. Turner (P40543)
Maria Fracassa Dwyer (P60946)
Christopher M. Trebilcock (P62101)
500 Woodward Avenue, Suite 3500
Detroit, MI  48226
(313) 965-8300
rturner@clarkhill.com
mdwyer@clarkhill.com
ctrebilcock@clarkhill.com
*On behalf of Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, I electronically filed the foregoing paper using the Court's ECF system, which will send notification of such filing to all counsel of record.

*s/Donna S. Serement*
Donna S. Serement