UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DETROIT WILL BREATHE, TRISTAN TAYLOR, NAKIA WALLACE, JAZTEN BASS, LAUREN ROSEN, LAURYN BRENNAN, AMY NAHABEDIAN, ZACH KOLODZIEJ, LAUREN BRANCH, LILLIAN ELLIS, OLIVIA PUENTE, IMAN SALEH, MARGARET HENIGE, CAYLEE ARNOLD, AND ALEXANDER ANEST,**

Case No. 20-cv-12363
Hon. Laurie J. Michelson

Plaintiffs,

vs.

**CITY OF DETROIT,** a municipal corporation, **MAYOR MICHAEL DUGGAN,** acting in his official and individual capacities, **CHIEF JAMES CRAIG,** acting in his official and individual capacities, **OFFICER STEPHEN ANOUTI, SERGEANT TIMOTHY BARR**, **OFFICER DAVID HORNSHAW, OFFICER MARIAH ERARD,** and **OFFICER DOES 1-100 inclusive,** acting in their respective individual capacities, all jointly and severally,

Defendants.

_______________________________________________________________/

Jack W. Schulz (P78078)
Amanda M. Ghannam (P83065)
SCHULZ LAW PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
amandamghannam@gmail.com
*On behalf of the National Lawyers Guild, Detroit/Michigan Chapter*
*Attorneys for Plaintiffs*

Julie H. Hurwitz (P34720)
William H. Goodman (P14173)

Lawrence T. Garcia (P54890)
City of Detroit Law Department
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3018
garcial@detroitmi.gov
*Counsel for Defendants*

Reginald M. Turner (P40543)
Maria Fracassa Dwyer (P60946)
Christopher M. Trebilcock (P62101)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226

Melissa A. Brown (P79127)
GOODMAN HURWITZ & JAMES, PC
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com
mbrown@goodmanhurwitz.com
*On behalf of the National Lawyers Guild, Detroit/Michigan Chapter*
*Co-counsel for Plaintiffs*

Sean Riddell (P81302)
The Riddell Law Firm PLLC
400 Renaissance Center, Ste. 2600
Detroit, MI 48243
(313) 497-0074
sriddell@riddelllawfirm.com
*On behalf of the National Lawyers Guild, Detroit/Michigan Chapter*
*Co-counsel for Plaintiffs*

(313) 965-8300
rturner@clarkhill.com
mdwyer@clarkhill.com
ctrebilcock@clarkhill.com
*Counsel for Defendants*

_______________________________________________/

**JOINT RULE 26(F) PLAN**

A Rule 16 Scheduling Conference is scheduled for November 13, 2020 at 2:00 p.m. Appearing for the parties as counsel will be:

| Attorneys for Plaintiff: | Jack W. Schulz<br>Julie Hurwitz<br>Amanda Ghannam |
|---|---|
| Attorneys for Defendants: | |

1. Related Cases: This case is a companion case to the *Rohr and Huffman v. City of Detroit et. al.* Case No. 20-cv-11697. (Hon. Michelson)

2. Jurisdiction: The basis for the Court's jurisdiction is:

**Plaintiffs' Claims**

28 U.S.C. § 1331 – Plaintiff's Complaint, brought pursuant to 42 U.S.C. §1983, asserts claims under the Constitution and laws of the United States, specifically violations of Plaintiff's rights under First Amendment, Fourth Amendment, and 42 U.S.C. § 1981.

This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 and Fed. R. Civ. P. 57 and 65.

**Defendants' Counterclaim**

Defendants assert that this Court has supplemental jurisdiction over Defendants/Counter-Plaintiffs' counterclaim under 28 U.S.C. § 1367(a), as Defendants/Counter-Plaintiffs assert State claims which are so related to Plaintiffs/Counter-Defendants' claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue: This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) as all parties reside in this judicial district and a significant amount of the acts and omissions giving rise to this complaint occurred in this judicial district.

.4. Factual Summary: This case involves:

**Plaintiff's Position:**

Since May 29, 2020, Plaintiffs, along with thousands of others, have participated in numerous demonstrations in Detroit. Defendant Police Officers, all acting in their individual capacities and pursuant to the customs, policies and/or practices of Defendant City of Detroit, by and through the Detroit Police Department (hereafter "DPD"), and Defendants Duggan and Craig in both their individual and official capacities authorize and condone the use of unnecessary, unreasonable, and excessive force, have repeatedly responded with unjustifiable violence and brutality.

Beginning on May 29, 2020, the first night of protests, and continuing over the following months of June, July and August, peaceful protesters, including Plaintiffs, were, among other things, tear-gassed, pepper-sprayed, beaten and otherwise subjected to unconstitutional excessive force, shot with rubber bullets, blasted with deafening and disorienting sound cannons and flash grenades, put in chokeholds,

cordoned off in small groups ("kettled"), and arrested *en masse* without probable cause, by Defendant Officers, all acting within the scope of their respective authorities and pursuant to the customs, policies or practices of Defendants City of Detroit, Duggan and/or Craig and all in violation of Plaintiffs' rights under the United States Constitution and laws of the State of Michigan.

Defendants responded with unjustified violence to these protests in direct reaction to the fact that the protests confront excessive police violence, abuse of power and the systemic racism that pervades our law enforcement institutions, including the DPD. By contrast, the DPD has protected other protesters in recent history — including protests led by white supremacists -- rather than subjecting them to arbitrary curfews, excessive force, and unlawful arrests. Defendants' treatment of racial justice demonstrators based on the content of their message focusing on police racism and violence violates their rights under the First Amendment, Fourth Amendment, and 42 U.S.C. § 1981, and subjects them to liability under 42 U.S.C. §1983.

Plaintiffs seek both equitable and legal relief for violations, under color of state law, of their rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1981 and 1983. Plaintiffs seek damages as well as declaratory relief and permanent injunctive relief prohibiting Defendants from continuing their patterns and/or practices of perpetrating illegal and unconstitutional violence and unlawful arrests against peaceful protesters seeking police accountability and racial justice. The failure to provide such relief will result in these unlawful practices continuing, thereby causing irreparable harm to Plaintiffs, for which no plain, adequate, or complete remedy at law is otherwise available.

**Defendants' Position:**

Defendants/Counter-Plaintiffs have also brought a counterclaim of civil conspiracy against Plaintiffs/Counter-Defendants. Defendant/Counter-Plaintiffs argue that at least two or more Plaintiffs/Counter-Defendants acted in concert to harm Defendants/Counter-Plaintiffs and/or commit violations of the law. Defendants/Counter-Plaintiffs maintain that Plaintiff Detroit Will Breathe ("DWB") was created for unlawful

purposes and Plaintiff/Counter-Defendants engaged with Plaintiff DWB with the intent to commit acts of violence and lawlessness.

5. Legal Issues:

**Plaintiffs' Claims**

The legal issues in dispute are: (1) whether individual Defendants' conduct violated Plaintiffs' rights under the United States Constitution; (2) whether the constitutional rights at issue were "clearly established" within the meaning of *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (3) whether the violations of Plaintiffs' constitutional rights, whether clearly established or not, were pursuant to Defendant City of Detroit's customs, policies and/or practices; (4) whether Defendants should be permanently enjoined from utilizing particular tactics and less-lethal weapons against demonstrators who do not pose a threat to any officer and have not committed any crimes or otherwise been accused of misdemeanors or civil infractions; (5) if Plaintiffs can establish one or more of their legal claims, what damages Plaintiffs may recover; and (6) the broad scope of discovery to which Plaintiffs are entitled with respect to their *Monell* claims, while still satisfying the proportionality requirements of Rule 26 .

Plaintiffs further believe that Defendants' counterclaim against Plaintiffs should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for all the reasons set forth in their Motion to Dismiss, [ECF No. 46], filed on October 30, 2020.

**Defendants' Counterclaim**

The legal issues in Defendants' counterclaim are: (1) whether there was a concerted action (2) by a combination of two or more Plaintiffs/Counter-Defendants (3) to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means, (4) causing damage to the Defendants/Counter-Plaintiffs.

6. Amendment of Pleadings: Plaintiffs anticipate the necessity to amend the Complaint as discovery proceeds and as unnamed Doe officers are identified through discovery.

7. Discovery:

**Plaintiff's Discovery Position:**

(a) The Plaintiffs plan to obtain discovery relating to the personnel, tactics, training, arrests, equipment, and documentation involved or associated with Defendants' individual treatment of the underlying protests and the relevant customs, policies and/or practices of the DPD. Plaintiffs also seek all associated incident reports, recordings, internal affairs/OCI/professional standards investigations, injured person reports, mass arrest reports, use of force investigations, citizen complaint investigations, memoranda (internal and otherwise), procedures, correspondence, and documents. Plaintiffs will also seek discovery related to previous complaints, discipline, and records of relevant officers.

With respect to both Plaintiffs' claims against individual Defendants as well as their municipal/supervisory liability claims, Plaintiffs plan to obtain discovery of: pertinent DPD policies/procedures; training records; disciplinary records; Professional Standards investigation files; Use of Force investigation files; all Citizen Complaint/OCI investigation files; all records of criminal warrant requests for each officer/all records of civil lawsuits ever brought against each officer/all dash cam & body cam video footage from each and every protest event between May 29, 2020 and the present.

Also with respect to Plaintiffs' municipal/supervisory liability claims, Plaintiffs plan to obtain discovery of: Department-wide investigations of any kind regarding use of force utilizing batons, pepper spray, chokeholds, rubber bullets, chemical agents, flashlights, handcuffs; Department-wide investigations of any kind regarding unprofessional/disrespectful demeanor, arrests without probable cause, racially discriminatory treatment and/or failure to activate BWCs or MVCs

The Plaintiffs will likely retain expert(s) in police procedure, public health, and various medical experts.

The Plaintiffs will approach discovery diligently but requests the Court allow significant time for discovery and associated disputes, foreseeable or unforeseeable.

(b) The Plaintiffs plan to seek discovery proportionate to the needs of this case.

(c) The three key witnesses Plaintiff seeks to depose first are Officer Stephen Anouti, Officer Mariah Erard, and Police Chief James Craig.

Additionally, Plaintiffs intend to depose: Mayor Michael Duggan, Deputy Chief Bettison, Sergeant Timothy Barr, Officer David Hornshaw, and additional officers and policymakers as they are identified within discovery.

Plaintiff believes key documents which should be produced up front by Defendant are: the documents which this Court previously ordered to be produced by the Defendants (ECF No. 30), including all of the dash cam (InCarVideos) and body cams (Body Worn Cameras), as well as associated incident reports, internal affairs/professional standards investigations, injured person reports, mass arrest reports, and use of force reports associated with the underlying protests. Policies/procedures/personnel records/all internal affairs investigations of all officers/all Citizen Complaint investigations/all Use of Force Investigations.

In order to facilitate the identification of the Defendant Does, Plaintiffs will also be requesting a photo array of all the DPD officers who were assigned to work during the protests between May 29, 2020 and the present.

(d) The Parties have not exchanged initial discovery requests at the time of this filing.

(e) The Parties have not discussed the need for a protective order pursuant to Federal Rule of Evidence 502(d).

**Defendants' Discovery Position:**

Defendants seek discovery relating to Plaintiffs' claims and alleged damages and Defendants' Counterclaim and alleged damages. Specifically, Defendants intend to pursue the following discovery:

(1) Production and identification of all social media accounts used by any Plaintiff, including Plaintiff Detroit Will Breathe, and

production of all content loaded onto any identified social media platform, including but not limited to Facebook, Twitter, and YouTube, relevant to the claims and allegations identified in this lawsuit, and to produce any other additional photographs and videos (outside of content posted to social media accounts), text messages, and emails relevant to the claims and allegations identified in this lawsuit;

(2) Written discovery, including interrogatories and the production of any relevant documents, records (including medical records), corporate and financial documents related to Plaintiff Detroit Will Breathe, or other materials Plaintiffs have substantiating their allegations and damages alleged in their Complaint that were not provided as part of (1);

(3) Defendants intend to depose the following:

a. All 14 individual Plaintiffs;

b. Corporate representatives of Plaintiff Detroit Will Breathe;

c. All key witnesses identified during discovery;

d. Other depositions, including the deposition of any experts identified by Plaintiff, which may become necessary depending on Plaintiffs' testimony and the information developed during discovery;

e. Plaintiffs' healthcare providers;

f. Plaintiffs' identified expert witnesses

(4) Expert witness reports regarding damages, including economic and noneconomic damages, as well as possible medical and mental health experts and,

(5) Other discovery as is warranted by progression of this case.

c) The discovery process will satisfy the proportionality requirements of Fed. R. Civ. P. 26(b)(1) by pursuing only the discovery that is truly necessary to resolve the case. This includes limiting discovery surrounding Plaintiffs' and Counter-Plaintiffs' allegations to the dates/times and individuals specifically identified in the Complaint and Counter-Complaint. Discovery will also be limited to the Defendant officers that were present at the specific protests/demonstrations identified in the Complaint. The most important subjects of the litigation include the Plaintiffs' actions and Defendants' responses that occurred on the dates of the specific protests and demonstrations identified in the Complaint. The Parties will work together to identify the most accessible sources of information about these subjects, which includes Plaintiffs' social media content and Defendants' body and dash-cam footage corresponding to the dates, times, and individual plaintiffs and officers in question.

The Parties agree to the presumptive limits for interrogatories (25 per side) per individual party to balance the costs of discovery with the amount at stake in litigation.

The Parties do not believe the presumptive federal limit of 10 depositions per side under Fed. R. Civ. P. 30 is sufficient in this case given the fact that there are 14 individual Plaintiffs and more than 10 officers involved in the protests that occurred on the dates identified in the Complaint.

Defendants anticipate that the duration limits set for in FRCP 30 (d) are insufficient to fairly examine certain of the Plaintiffs. Defendants anticipate the need to seek leave following production of the written discovery and identification of which Plaintiffs will require more time. Defendants also anticipate Plaintiffs will seek to depose high-ranking officials such as Mayor Michael Duggan and Detroit Police Chief Craig. Defendants do not agree that these high-ranking officials possess unique knowledge regarding Plaintiffs' claims that cannot be obtained through other witnesses.

The Parties reserve the right to seek relief from such limitations to the extent necessary, but the Parties agree to work in good faith together prior to requiring the Court's intervention.

d) Defendants' three (3) key witnesses that should be deposed first include Tristan Taylor, Nakia Wallace, and Jazten Bass. The key documents that should be produced up front include the identification of all social media accounts used by any Plaintiff, including Plaintiff Detroit Will Breathe, and all content loaded onto the identified social media platforms of Detroit Will Breathe, Tristan Taylor, Nakia Wallace, and Jazten Bass, including but not limited to Facebook, Twitter, and YouTube, relevant to the claims, allegations, and dates identified in this lawsuit, and any other additional photographs and videos (outside of content posted to social media accounts), text messages, and emails relevant to the claims, allegations, and dates identified in this lawsuit pertaining to Plaintiffs Taylor, Wallace, and Bass.

There is no need for changes in the timing, form or requirement for the disclosures under Rule 26(a)(1) and the Parties shall make initial disclosures no later than November 27, 2020.

e) No document requests have been delivered pursuant to Fed. R. Civ. P. 26(d) at this time.

f) The Parties agree to exchange privilege logs if privilege issues arise. Anticipating the need for a reasonable protective order for Plaintiffs' medical records, Defendants' sensitive personnel information (including the personnel files of various officers employed by the City of Detroit), Defendant's proprietary/confidential business and/or operational information, as well as any other information the Parties identify as needing protection, the Parties will commence the process of developing such an order if necessary. Counsel will work in good faith to agree upon the terms. If unable to agree upon the appropriate terms, either party may move for a protective order as provided in the Federal Rules of Civil Procedure.

8. Electronic Discovery: The parties have discussed the production of electronically stored information and suggest that the information be handled as follows:

**Plaintiffs' position**

The Plaintiffs believe that the implementation of this District's Model Order Relating to the Discovery of Electronically Stored Information is warranted.

A. ESI to be preserved includes dash cam and body cam footage, emails and other electronic communications, and records related to any of the allegations in Plaintiffs' Complaint.

B. Emails and electronically stored documents will be produced in text-searchable PDF format. Spreadsheets will be produced in native format. The Plaintiff may need more information concerning the software and hardware used to create databases utilized by Defendants to determine the appropriate manner of production of ESI contained in databases. ESI will be sent to the opposing party in regular PDF format.

C. Discovery of ESI will be limited to mutually-agreeable custodians likely to have discoverable information that is proportionate to the needs of this case. The parties will confer regarding mutually-agreeable search terms and parameters, including date ranges, to identify responsive material from these custodians.

**Defendants' Position**

The Parties held a Rule 26(f) Meet and Confer regarding Electronically Stored Information on November 4, 2020. It is Defendants' position that the implementation of this District's Model Order Relating to the Discovery of Electronically Stored Information is not warranted.

Defendants sent document preservation letters to Plaintiffs in September 2020. Each side continues to request that the other preserve all electronically-stored information that may be relevant to the case. What is considered relevant will be identified by reasonable and targeted search parameters as described below. The Parties agree that production of ESI must satisfy Rule 26(b)(2)(B). Requests for ESI and related responses will be reasonably targeted, clear, and as explicit as practicable. To manage the cost of ESI discovery, the Parties will cooperate with each other to identify reasonable and targeted search parameters, i.e. custodians and search terms, reasonably calculated to lead to the discovery of admissible evidence. These targeted search parameters will be limited to the dates of the protests/demonstrations

identified in the Complaint, the individual Plaintiffs, and the specific Defendant Officers identified by Plaintiffs.

Electronic discovery materials will be produced in the most cost effective and/or time efficient manner, which will typically be electronically in its native format to the extent such materials can be produced in their native format. If the electronically stored information is not reasonably useable or obtainable in its native format and/or an objection is made to the format requested, then the Parties will confer in an attempt to determine a mutually convenient format.

Should a dispute as to the creation date of electronically stored documents arise, the Parties reserve the right to obtain that document in its native form (with metadata if produced in PDF or other non-native format originally).

9. Settlement: Alternative Dispute Resolution: The parties have not presented offers of settlement. The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: The Parties would be willing to participate in non-binding facilitation. It would be most useful to attend facilitation after an initial round of discovery, which includes the taking of depositions, has taken place.

10. Consent: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial and to order the entry of final judgment.

11. Trial: The case will be tried by a jury. Counsel estimates the trial will last approximately 28 days total, allocated as follows: 14 days for plaintiff's case, 14 days for Defendants' case.

12. Miscellaneous: The parties do not know of any additional matters which need addressing at this time.

Dated: November 6, 2020

/s/ Jack W. Schulz
Jack W. Schulz (P78078)
Amanda M. Ghannam (P83065)
SCHULZ LAW PLC

Dated: November 6, 2020

/s/ Lawrence T. Garcia (w/ permission)
Lawrence T. Garcia (P54890)
City of Detroit Law Department
2 Woodward Ave., Suite 500

PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
amandamghannam@gmail.com
*On behalf of the National Lawyers Guild, Detroit/Michigan Chapter*
*Attorneys for Plaintiffs*

Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Melissa A. Brown (P79127)
GOODMAN HURWITZ & JAMES, PC
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com
mbrown@goodmanhurwitz.com
*On behalf of the National Lawyers Guild, Detroit/Michigan Chapter*
*Co-counsel for Plaintiffs*

Sean Riddell (P81302)
The Riddell Law Firm PLLC
400 Renaissance Center, Ste. 2600
Detroit, MI 48243
(313) 497-0074
sriddell@riddelllawfirm.com
*On behalf of the National Lawyers Guild, Detroit/Michigan Chapter*
*Co-counsel for Plaintiffs*

Detroit, MI 48226
(313) 237-3018
garcial@detroitmi.gov
*Counsel for Defendants*

Reginald M. Turner (P40543)
Maria Fracassa Dwyer (P60946)
Christopher M. Trebilcock (P62101)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300
rturner@clarkhill.com
mdwyer@clarkhill.com
ctrebilcock@clarkhill.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of

records to the above cause herein at their respective addresses as disclosed on the pleadings on November 9, 2020, via:

______ U. S. Mail
X ECF Filing (USDC)
______ Email
______ Facsimile
______ Hand Delivery
______ Federal Express

*/s/ Amanda M. Ghannam*
Amanda M. Ghannam