UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DETROIT WILL BREATHE,**
**TRISTAN TAYLOR, NAKIA WALLACE,**
**JAZTEN BASS, LAUREN ROSEN, LAURYN**
**BRENNAN, AMY NAHABEDIAN, ZACHARY**

**KOLODZIEJ, LAUREN BRANCH,**
**LILLIAN ELLIS, OLIVIA PUENTE,**
**IMAN SALEH, MARGARET HENIGE,**
**CAYLEE ARNOLD,** and **ALEXANDER**
**ANEST,**

     Plaintiffs,

vs.

Case No. 20-cv-12363
Hon: Laurie J. Michelson

> **PLAINTIFFS/COUNTER-**
> **DEFENDANTS' REPLY**
> **TO**
> **DEFENDANTS/COUNTER**
> **-PLAINTIFFS' RESPONSE**
> **TO PLANTIFFS' MOTION**
> **TO DISMISS**
> **DEFENDANTS'**
> **COUNTERCLAIM [ECF**
> **No.54]**

**CITY OF DETROIT,** a municipal corporation,
**MAYOR MICHAEL DUGGAN,** acting in his official
and individual capacities, **CHIEF JAMES CRAIG,** acting in his official
and individual capacities, **OFFICER STEPHEN ANOUTI, SERGEANT**
**TIMOTHY BARR**, **OFFICER DAVID HORNSHAW, OFFICER MARIAH**
**ERARD,** and **OFFICER DOES 1-100 inclusive,**
acting in their respective individual capacities, all jointly and severally,

    Defendants.

                           /

| | |
|---|---|
| Jack W. Schulz (P78078) | GOODMAN HURWITZ & JAMES, PC |
| Amanda M. Ghannam (P83065) | Julie H. Hurwitz (P34720) |
| SCHULZ LAW PLC | William H. Goodman (P14173) |
| PO Box 44855 | Melissa A. Brown (P79127) |
| Detroit, MI 48244 | 1394 E. Jefferson Ave. |
| (313) 246-3590 | Detroit, MI 48207 |
| jackwschulz@gmail.com | (313) 567-6170 |
| amandamghannam@gmail.com | jhurwitz@goodmanhurwitz.com |
| *On behalf of the National Lawyers* | bgoodman@goodmanhurwitz.com |
| *Guild, Detroit/Michigan Chapter* | mbrown@goodmanhurwitz.com |
| *Attorneys for Plaintiffs* | |

*On behalf of the National Lawyers*
*Guild, Detroit/Michigan Chapter*
*Co-counsel for Plaintiffs*

Sean Riddell (P81302)
The Riddell Law Firm PLLC
400 Renaissance Center, Ste. 2600
Detroit, MI 48243
(313) 497-0074
sriddell@riddelllawfirm.com
*On behalf of the National Lawyers*
*Guild, Detroit/Michigan Chapter*
*Co-counsel for Plaintiffs*

CLARK HILL PLC
Reginald M. Turner (P40543)
Maria Fracassa Dwyer (P60946)
Christopher M. Trebilcock (P62101)
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
(313) 965-8300
rturner@clarkhill.com
mdwyer@clarkhill.com
ctrebilcock@clarkhill.com
*Attorneys for Defendants*

Lawrence T. Garcia (P54890)
City of Detroit Law Department
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3018
garcial@detroitmi.gov
*Attorney for Defendants*

/

**PLAINTIFFS/COUNTER-DEFENDANTS' REPLY TO
DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE TO PLANTIFFS'
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM [ECF No. 54]**

## **INTRODUCTION**

Michigan law is well settled that "[a]n allegation of conspiracy, standing alone, is not actionable." *Magid v. Oak Park Racquet Club Assocs.*, 84 Mich. App. 522, 529 (1978) (*citing Roche v. Blair*, 305 Mich. 608, 614–616 (1943)). Defendants expressly state that their counterclaim "consists of one claim: civil conspiracy." (ECF No. 54, PageID.813.) On this basis alone, Plaintiffs' Motion should be granted.

Defendants have failed to assert any specific facts evidencing a plausible claim of civil conspiracy; failed to assert an actionable underlying tort as required to sustain a conspiracy claim; relied on blatant falsifications of Plaintiffs' statements to portray them as violent criminals; and now attempt to disguise their pleading's shortcomings by misrepresenting Plaintiffs' constitutionally protected speech and mere attendance at demonstrations as evidence of an underlying conspiracy to commit unlawful conduct. In their Response, Defendants have misstated facts, misquoted the law, and clung to a narrative that is simply unsupported in this case. For these reasons, Defendants' Counterclaim should be dismissed in its entirety.

### A. A civil conspiracy claim cannot stand alone.

As discussed fully in Plaintiffs' Motion (ECF No. 46), a conspiracy claim "cannot exist in the air"; rather, an underlying theory of civil liability must be pled and, eventually, proved. Here, as Defendants readily admit, they have pled only a solitary claim of civil conspiracy.

That claim cannot survive on its own. The case law abounds for the propositions

1

that where civil conspiracy is the sole cause of action pled or proved, it must be dismissed; moreover, a valid claim must be based on an underlying actionable tort. *See,* in addition to the cases already presented in Plaintiffs' Motion (ECF No. 46, PageID.663-665)[1], *e.g.*, *Magid v. Oak Park Racquet Club Assocs.*, *supra* (conspiracy claim dismissed because "[a]n allegation of conspiracy cannot stand alone… Plaintiffs must allege a civil wrong resulting in damage caused by the defendants"); *Cleary Tr. v. Edward-Marlah Muzyl Tr.*, 262 Mich. App. 485, 508 (2004) (conspiracy claim properly dismissed with regard to a defendant for whom no underlying tort was alleged); *McKesson Med.-Surgical, Inc. v. Micro Bio-Medics, Inc.*, 266 F. Supp. 2d 590, 600 (E.D. Mich. 2003) (civil conspiracy claim dismissed because underlying tort of misappropriation of trade secrets was also dismissed).

Defendants respond to this well-settled doctrine with an assertion that underlying criminal activity supports their claim. They acknowledge they have not pled an underlying tortious cause of action: despite seeking "declaratory judgment" for defamation, Defendants admit they cannot allege any conduct by Plaintiffs that "rise[s] to the level of defamation," (ECF No. 54, PageID.813). Instead, they rely on

---

[1] *Ellis v. Chase Home Fin., LLC*, No. 14-11186, 2014 WL 7184457, at *12 (J. Michelson, E.D. Mich. Dec. 16, 2014) (sole conspiracy claim dismissed because "civil conspiracy, by itself, is not a cause of action"); *Edwards Publ'ns v. Kasdorf*, No. 293617, 2011 Mich. App. LEXIS 813, at *6 (Ct. App. May 3, 2011) (jury verdict reversed where jury found that underlying tortious interference claim failed, but civil conspiracy claim could succeed); *Kerrigan v. Visalus, Inc*., 112 F. Supp. 3d 580, 616 (E.D. Mich. 2015) (finding that plaintiffs failed to plead a civil conspiracy claim where they did not plead a separate actionable tort as to each defendant);

a novel theory of "torts of criminal activity" (which do not exist). Defendants have

not set forth a single example of a civil conspiracy claim based on underlying criminal

arrests. Moreover, no Plaintiff has been convicted of any crime, and none of the crimes

Plaintiffs were arrested for (i.e. disorderly conduct, obstructing traffic, disobeying

police officers) consist of conduct that could also be tortious. The mere fact that DPD

has arrested some Plaintiffs (along with hundreds of others swept up in wrongful mass

arrests at the demonstrations) does not establish that they conspired to commit the

crimes for which they were arrested.[2] Indeed, their wrongful arrests are the basis for

some of Plaintiffs' 4th Amendment claims.

### B. The facts pled by Defendants do not support their claim.

The facts as pled by Defendants contradict their conclusions, lay bare their

misrepresentations, and cannot sustain their claim. For example, regarding the events

of July 10, as Defendants plead, DWB's social media post stated:

> RAPID RESPONSE CALL TO ACTION: Detroit Police Department killed a
> 19-year-old today. Our planned march is cancelled so that the movement can
> respond to the injustice! Get to 7446 McNichols Rd. as soon as you can!

(ECF No. 43, PageID. 614-615) There is, plainly, no call to violence or

unlawful activity here – but Defendants deceitfully assert that this was "a call through

social media posts to commit unlawful actions" (ECF No. 54, PageID.805) which

"sought and resulted in the unlawful hurling of dangerous objects at officers" (ECF

---

[2] And if it did, one would think a criminal conspiracy charge – something noticeably absent from the criminal prosecutions arising out of the events at issue – might be the more appropriate forum for such allegations.

No. 54, PageID.805-806, n.2). Such a conclusion is completely unsupported by the facts as pled, as is Defendants' next wild intellectual leap – that the social media post is somehow evidence that attendees of the demonstration conspired to commit crime. Defendants admit that they cannot point to any Plaintiff as having so acted or being aware of any such agreement[3]. And while Defendants rightly cite *NAACP v. Claiborne,* 458 U.S. 886 (1982) for the proposition that "…violence has no sanctuary in the First Amendment," *id.,* at 916, (see ECF No.54, PageID.803), they glaringly omit the express requirement that "…there must be 'clear proof that a defendant specifically intends to accomplish the aims of the organization by resort to violence." *Claiborne* at 919. Defendants simply cannot meet this threshold requirement.

As another example of Defendants' failure to plead facts that support their claim, Defendants have pled that Plaintiffs Jazten Bass, Tristan Taylor, and Nakia Wallace are members of DWB. (ECF No. 43, PageID.609) If this Court accepts as true the facts pled by Defendants, then as discussed in Plaintiffs' Motion, the intra-corporate conspiracy would indeed bar their claim with respect to these Plaintiffs – yet in their Response, Defendants contradict themselves, asking the Court to refrain

---

[3] Defendants' attempt to analogize their inability to identify any named Plaintiff as part of the so-called conspiracy to Plaintiffs' inability to name every officer who violated their rights is nonsensical. In their Complaint, Plaintiffs properly plead specific conduct by "Doe" officers where they did not know the names of those who violated their rights. Defendants, on the other hand, do not know who engaged in the so-called conspiracy, so they point wildly at the Plaintiffs who happen to be in front of them, without any supporting facts.

from making such a finding. (ECF No. 54, PageID.820) Defendants cannot both ask

this Court to accept the facts they have pled as true and to refrain from doing so.

### C. Defendants seek to hold Plaintiffs and others liable for constitutionally protected speech and attendance at demonstrations.

Despite their protestations to the contrary, Defendants' attempt to camouflage

their attack on Plaintiffs' constitutionally protected speech and conduct remains

transparent. They claim in one breath that their counterclaim would not impose

liability based on speech alone, yet in the next they clearly seek to do just that.

Unabashedly asserting that Plaintiffs conspired to break the law simply by

attending a protest, Defendants state that "Plaintiffs… agreed to engage in such

conduct by attending the occupation." (ECF No. 54, PageID.809) (emphasis added);

that "Plaintiffs' agreement is plainly evidenced by their attendance at the protests…"

(ECF No. 54, PageID.810) (emphasis added); and that "there was an agreement

between Detroit Will Breathe and Plaintiffs, as protest attendees." (ECF No. 54,

PageID.810) (emphasis added). Other than mere attendance at demonstrations,

Defendants have not pled a single fact to support a claim that Plaintiffs conspired to

engage in tortious acts. Moreover, while they cite *Hooks v. Hooks,* 771 F.2d 935, 943-

44 (6th Cir. 1985) for the proposition that "[e]xpress agreement among all the

conspirators is not necessary to find the existence of a civil conspiracy," they fail to

note that they must still plead and prove that those who they seek to hold liable knew

of the "…essential nature and general scope of [the conspiratorial agreement],"

*Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1979) (cited in *Hooks,* at 944). Defendants utterly fail to meet this basic pleading requirement.

By Defendants' standard, mere attendance at an event equates to liability for any violent occurrences at that event committed by anyone, and anyone who attends a protest – as thousands have done over the course of the summer's events – is guilty of engaging in a conspiracy. Their argument lacks both a factual and legal basis.

D. **Defendants have not adequately pled damages.**

"Without sufficient allegations and evidence of damages caused by the alleged conspiracy, a civil conspiracy claim must fail." *First Pub Corp v. Parfet*, 246 Mich. App. 182, 192–193 (2001). Here, Defendants' sole repeated allegation regarding damages is that "[m]ultiple DPD officers sustained physical injuries as a result of the hurled objections [sic]. DPD officers also sustained injuries in the course of trying to detain protestors, including Counter-Defendants who resisted arrest and defied police orders." Again, Defendants have not identified any Plaintiff as allegedly hurling any object or injuring any police officer; they have merely pled that Plaintiffs attended demonstrations at which these things allegedly occurred. Defendants then attempt to contort Plaintiffs' presence at demonstrations into a plausible claim that they agreed to engage in wrongful acts *despite admitting in their Counterclaim that these alleged acts were committed by non-Plaintiffs* -- (*see* ECF No. 43, PageID.611, 615, ¶¶ 29, 37, 66, the only allegations in the Counterclaim that could be interpreted to support Defendants' claims of damages) – wherein not a single officer, injury, protestor, or

6

Plaintiff has been identified at all. This is, contrary to Defendants' Response, a blatant attempt to hold Plaintiffs liable for the actions of third parties, and without any more detail about the allegedly resultant damages, it is no more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) – precisely the sort of inadequate pleading that the standard announced in *Iqbal* sought to eradicate.

For these reasons, Plaintiffs ask this Court to dismiss Defendants' Counterclaim.

Respectfully submitted,

By: */s/ Amanda M. Ghannam*

| | |
|---|---|
| Amanda M. Ghannam (P83065) | GOODMAN HURWITZ & JAMES, PC |
| Jack W. Schulz (P78078) | Julie H. Hurwitz (P34720) |
| SCHULZ LAW PLC | William H. Goodman (P14173) |
| PO Box 44855 | Melissa A. Brown (P79127) |
| Detroit, MI 48244 | 1394 E. Jefferson Ave. |
| (313) 246-3590 | Detroit, MI 48207 |
| jackwschulz@gmail.com | (313) 567-6170 |
| amandamghannam@gmail.com | jhurwitz@goodmanhurwitz.com |
| *On behalf of the National Lawyers* | bgoodman@goodmanhurwitz.com |
| *Guild, Detroit/Michigan Chapter* | mbrown@goodmanhurwitz.com |
| *Attorneys for Plaintiffs* | *On behalf of the National Lawyers Guild,* |
| | *Detroit/Michigan Chapter* |
| | *Co-counsel for Plaintiffs* |

Dated: December 18, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I electronically filed the foregoing Plaintiffs' Brief in Reply to Defendants' Response to Plaintiffs' Motion to Dismiss Defendants' Counterclaim with the Clerk of the Court using the ECF system which will send notification to all counsel of appearance.

Respectfully submitted,

By: */s/  Amanda M. Ghannam*