UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DETROIT WILL BREATHE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DETROIT, et al., <br><br> Defendants. | Case No. 20-12363 <br> Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION [62]**

Plaintiffs Detroit Will Breathe and 14 individuals brought this case to challenge the response of Detroit police to protest activity in the City of Detroit, seeking both injunctive and monetary relief. The City of Detroit and the other defendants then filed a counterclaim for civil conspiracy against all of the plaintiffs. The Court granted Plaintiffs' motion to dismiss the counterclaim, holding that Defendants failed to state a claim for civil conspiracy. Defendants now ask the Court to reconsider that decision.

Local Rule 7.1 states that a party may move for reconsideration of an order within 14 days after entry if "The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision[.]" E.D. Mich. L.R. 7.1 (h)(2)(A). This Court has previously defined the general rule for a motion for reconsideration as follows: "a party seeking reconsideration must show that the

district court clearly erred, that the court's initial decision will change if the clear error is corrected, and that the error was based on the law and record as it stood when the district court made its initial decision." *Roe v. Ford Motor Co.,* 439 F. Supp. 3d 922, 926 (E.D. Mich. 2020).

Defendants' principal argument is that the Court failed to consider their allegations of assault and battery in the counterclaim which resulted in a mistake in the Court's opinion. This argument fails for a number of reasons.

First, the Court disagrees that the counterclaim contained an allegation of assault and battery. As the Court stated in its prior opinion, "Nowhere in the counterclaim does the City allege that any plaintiffs conspired to commit a tort that is actionable under Michigan law." *Detroit Will Breathe v. City of Detroit*, No. 20-12363, 2021 WL 915513, at *5 (E.D. Mich. Mar. 10, 2021). And despite Defendants' insistence that the Court ignored clear allegations of assault and battery as an underlying tort, neither "assault" nor "battery" appears anywhere in the counterclaim.

Defendants had the burden to plead the required elements of their civil conspiracy claim. One of those elements is an underlying tort. In their counterclaim, Defendants did not include any counts for tortious conduct, nor did they otherwise plead that Plaintiffs conspired to commit an actionable tort. Where Defendants never used the words assault and battery and did not plead a claim of assault and battery, the Court did not err in failing to infer the existence of such a tort. Further,

2

Defendants provide no explanation for why they waited until this motion for reconsideration to raise this argument.

Even in their motion for reconsideration, Defendants do not clearly allege that Plaintiffs conspired to commit assault and battery. Although Defendants provide four pages of citations from their complaint, most of the allegations of assault and battery are attributed to "protestors" generally. The only specific allegations regarding Plaintiffs concern Kolodziej lunging and attempting to head-butt an officer and Puente pushing against an officer's shield. (ECF No. 62, PageID.906.) But Defendants did not tie these allegations about Kolodziej's and Puente's conduct to their conspiracy claim, and it was not the Court's job to collect stray factual allegations in the countercomplaint to form a plausible claim.

Second, as the Court previously stated, there is law that suggests the underlying tort claim must be litigated alongside the civil conspiracy claim. Defendants' counterclaim includes only one count, for civil conspiracy, without an accompanying count for an underlying tort. Although it is not entirely clear whether a civil conspiracy claim requires the underlying tort to be included as a count in the same complaint, the Court previously noted that Michigan courts "routinely dismiss Michigan civil conspiracy claims after the underlying (tort) claims are dismissed." *Detroit Will Breathe*, 2021 WL 915513, at *5.

Third, even if a civil conspiracy claim could proceed based on a theoretical underlying tort that is not pled in the complaint, Defendants ignore the Court's alternative ground for dismissing the counterclaim. In its opinion, the Court stated

3

that "Even if the City could allege an underlying tort or is not required to do so, its civil conspiracy claim would still fail because it does not allege sufficient facts to infer that Plaintiffs conspired to commit any form of unlawful activity—and especially that all of the alleged co-conspirators shared in a common conspiratorial objective to engage in such unlawful activity." *Detroit Will Breathe*, 2021 WL 915513, at *6. Defendants do not address this alternate holding in their motion for reconsideration.

Defendants also argue that even if the Court does not modify its substantive holding, it should change the dismissal of the counterclaim to be without prejudice. Defendants argue that they should be allowed to amend their countercomplaint to "better convey the underlying torts." (ECF No. 62, PageID.910.) Defendants make oblique references to newly discovered facts without explaining how these new facts would make their claim of civil conspiracy viable.

Maybe these new facts would enable Defendants to properly allege the underlying torts of assault and battery. But Defendants do not argue, and there is nothing to suggest, that these newly discovered facts would remedy the issue the Court identified in its alternate holding—that there are not sufficient facts to infer that Plaintiffs conspired to commit any form of unlawful activity or that all of the alleged co-conspirators shared in a common conspiratorial objective to engage in such unlawful activity

In their prior brief, the Defendants seemingly admitted that they did not know who committed particular "unlawful" acts and requested the opportunity to engage in discovery to identify which plaintiffs, if any, were involved in each specific action.

4

(ECF No. 52, PageID.818.) As the Court already explained, Defendants cannot unlock the doors to discovery without first alleging sufficient facts to support their claims.

Nothing in Defendants' filing persuades the Court that Defendants could file an amended complaint that properly and plausibly pleads a civil conspiracy. So the Court will not revisit its decision to dismiss Defendants' counterclaim with prejudice.

SO ORDERED.

Dated: March 28, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE