UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT WILL BREATHE, et al.,

    Plaintiffs,

v.

CITY OF DETROIT, et al.,

    Defendants.

Case No. 20-12363
Honorable Laurie J. Michelson

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL [93]**

Detroit Will Breathe and fourteen individuals were involved in protest activity in the City of Detroit in response to the death of George Floyd. They allege that Detroit police responded to their demonstrations with excessive force in violation of their First and Fourth Amendment rights.

The scope of discovery has been a challenge since the case began. Most recently, Plaintiffs filed a motion to compel. (ECF No. 93.) After meeting with the parties in an attempt to resolve or narrow the areas of dispute, the Court ordered that Defendants respond to Plaintiffs' motion in the form of a chart, as outlined in the Court's January 19, 2022 text order. The chart has been prepared and finalized by both parties. (ECF Nos. 104 and 105.) On March 28, 2022, the Court held a hearing on Plaintiffs' motion to compel.

For the reasons stated on the record during the hearing, the motion to compel (ECF No. 93) is GRANTED IN PART. Plaintiffs' discovery requests for materials

that pertain to the named Plaintiffs—whether from Defendants' own files, subpoenas, search warrants, or investigations—and video materials pertaining to the protest activity in this case are granted.

More specifically, Defendants are ORDERED to produce the following that is in their possession, custody, or control by May 23, 2022:

- Closed and pending use-of-force investigations related to the named Plaintiffs.

- Search warrant materials and subpoena information relating to the named Plaintiffs.

- All other completed investigations of any kind arising from the protest activity for the evenings of May 29–31, June 1–2, June 28, July 10, August 22–23, September 5, September 29, and October 23 involving the named Plaintiffs.

- All requested body camera footage for the officer Defendants and all other requested body cam footage, as described in Sections 80–86 of the chart (ECF No. 105, PageID.1779–1780) on a rolling basis to start immediately and to all be produced by May 23, 2022.

- All surveillance footage including Project Greenlight and Rock Security footage.

- All video Defendants agreed to produce as outlined in the Court's July 12, 2021 text order, which includes "all outstanding video

evidence subject to a protective order for video that is currently part of an internal investigation[.]"

IT IS FURTHER ORDERED that with respect to any of the video described above, if it existed at one time but no longer exists, Defendants shall provide an explanation of why it does not exist.

IT IS FURTHER ORDERED that Defendants shall:

- Produce cellphones for Plaintiffs Bass and Anest by April 8, 2022.

- Produce all other internal investigations and underlying material related to the named Defendants by May 23, 2022.

- Identify the number of unproduced internal investigations of any kind by April 22, 2022.

- Produce daily logs, run sheets, and activity logs for the named Defendants by May 23, 2022.

- Produce Garrity interviews by May 23, 2022.

- Produce press releases and communications to news sources from Defendants Duggan and Craig by May 23, 2022.

- Produce personnel files by May 23, 2022.

- Produce any documents that pertain to possession or use by the named Defendants of Long Range Acoustical Devices, rubber bullets, or tear gas, and that pertain to who may have authorized them to have that weaponry, on the evenings of May 29–31, June 1–2, June 28, July 10,

3

August 22–23, September 5, September 29, and October 23 by May 23, 2022.

- Produce documents pertaining to the City's planning and response to the protest activity from May 29, 2020 to August 30, 2020, including any commands, announcements, or risk assessments, by May 23, 2022. If these documents do not exist or are not in Defendants' possession, custody, or control, Defendants must communicate this to Plaintiffs by April 22, 2022.

- Produce username or handles of the named Defendants for the requested social media sites by May 23, 2022. To the extent these sites are private, and Plaintiffs are unable to access the social media profiles, Defendants are ordered to produce responsive social media posts by June 22, 2022.

- Produce citizen complaints with the limitations outlined by Defendants in ECF No. 105 by June 22, 2022.

IT IS FURTHER ORDERED that, to the extent Defendants claim any sort of privilege over requested materials, including the categories described above, Defendants are to submit a privilege log to Plaintiffs by April 22, 2022 as required by Federal Rule of Civil Procedure 26(b)(5). Defendants are reminded that discovery that is purely factual and not deliberative in nature is not protected by the deliberative process privilege. *See Hamama v. Adducci*, No. 17-11910, 2018 U.S.

Dist. LEXIS 244849 (E.D. Mich. July 11, 2018); *Southwest Metals, Inc. v. City of Detroit*, No. 15-11080, 2016 U.S. Dist. LEXIS 134249 (E.D. Mich. Sept. 29, 2016).

IT IS FURTHER ORDERED that, with respect to the email production, Defendants shall contact prior counsel Clark Hill and see if they initiated any email searches with a vendor, and if so, those emails searches should be produced. Both parties will then inquire as to the cost of a vendor to assist with email production.

IT IS FURTHER ORDERED that Plaintiffs will narrow the list of provided search terms for the emails (ECF No. 93-8, PageID.1328–1330) to ten terms in addition to the Plaintiffs' names. Defendants will then run two searches of the emails for the seven custodians identified for the time period May 29, 2020 to October 1, 2020. The first search will be a search of all the Plaintiffs' names. The second search will be a search of the ten terms identified by Plaintiffs. These searches should be completed by June 22, 2022 with productions made on a rolling basis as agreed upon by the parties. The parties will also confer about the benefits of pursuing these more stream-lined searches or, instead, having Defendants continue to review and produce emails from the searches run on all of the search terms provided by Plaintiffs. If the latter, the Court will have a follow-up status conference to discuss dates for production.

IT IS FURTHER ORDERED that all emails will be produced by July 12, 2022.

IT IS FURTHER ORDERED that Plaintiffs will choose 25 requests for admissions and Defendants will answer those 25 requests for admissions.

Defendants' response to these 25 requests are governed by Federal Rule of Civil Procedure 36.

Defendants represented that there are no responsive documents in their possession, custody, or control for the following categories, so the Court will not order their production:

- Documents or recordings relating to any interrogation of a named Plaintiff.
- Documents related to federal assistance provided to Defendants in response to the protests.

Any other categories of documents that may have been requested but which are not referenced in this order do not need to be produced at this time. If, after production of this discovery and the completion of some depositions, a showing can be made that additional discovery is relevant, proportionate, and non-cumulative, Plaintiffs can seek to make it.

At this time, the Court is not going to award fees and costs in connection with this motion. That issue can also be revisited if Defendants fail to comply with this order.

SO ORDERED.

Dated: March 28, 2022

                                                       s/Laurie J. Michelson
                                                       LAURIE J. MICHELSON
                                                       UNITED STATES DISTRICT JUDGE